After an ore tenus hearing, the trial court set aside a prior modification decree entered via default judgment which changed custody of the parties' minor son from the mother to the father. From this judgment the father appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in apparently setting aside the earlier default modification decree pursuant to Rule 60 (b), Alabama Rules of Civil Procedure.
The brief facts are that the parties were divorced in 1979, wherein the mother was given custody of the parties' three children. The father was required to pay child support and was awarded certain visitation rights. Since the original divorce decree, one child has reached majority.
In 1983, the mother moved to Texas, and the parties' minor son remained in Alabama with the father. Later that year, the father filed a petition for modification, seeking custody of the son.
Service of process was first attempted by certified mail, but was returned "unclaimed." Service was then made by publication. The mother failed to answer or appear, and on May 31, 1984, default judgment was entered in favor of the father, awarding custody of the son to the father.
On August 9, 1984, the father filed another petition to modify, seeking custody of the parties' minor daughter. At this time the mother received service of process by certified mail, and later that month she took control of the parties' minor son, contrary to the earlier default decree. *Page 1091 
In October 1984, the mother filed a motion to vacate the earlier default modification decree, apparently pursuant to Rule 60 (b), A.R.Civ.P. After a hearing, the trial court set aside the default modification decree.
As stated, the dispositive issue is whether the trial court erred in setting aside the prior default judgment pursuant to Rule 60 (b), A.R.Civ.P.
First, we note that it is a well-settled rule that judgments by default are generally disfavored because they deprive parties of resolution of issues on the merits. Evans v. Evans,441 So.2d 948 (Ala.Civ.App. 1983).
Secondly, the trial court has wide discretion in determining whether to grant relief on a motion for relief from a judgment, and the trial court cannot be reversed on appeal unless it is shown to be palpably wrong. Hall v. Hall, 445 So.2d 304
(Ala.Civ.App. 1984).
In this case it is not clear upon what grounds the mother's motion to vacate the earlier judgment is based. However, we note that the trial court in its order setting aside the default judgment stated in part that "fundamental fairness should require a hearing on such a delicate matter as child custody should the parties desire." Thus, it appears to this court that the trial court apparently granted the motion to vacate the prior judgment on the grounds of Rule 60 (b)(6), A.R.Civ.P.
Again, we have stated that the trial court's decision to grant or deny a motion to vacate a judgment under rule 60 (b)(6) for "any other reason justifying relief from the operation of the judgment" is discretionary. This court will not reverse except for abuse of that discretion. Self v.Maynor, 421 So.2d 1279 (Ala.Civ.App. 1982).
At this point we note that, regardless of the form or nature of the proceeding, once the trial court has obtained jurisdiction over the children of divorced parents, the court retains jurisdiction during their infancy, and it is the court's duty to protect the interest of the children with scrupulous care. Wise v. Watson, 286 Ala. 22, 236 So.2d 681
(1970).
In view of the trial court's continuing jurisdiction and the fact that child custody is a "delicate matter," as stated by the able trial judge, coupled with the fact that there was no personal service of process on the mother, we cannot say that the trial court abused its discretion in setting aside the default modification judgment. Put another way, the trial court was not palpably wrong in setting aside a default modification decree so as to render a judgment on the merits.
We note that the trial court in its order setting aside the default judgment stated that service of process on the mother was insufficient. In view of the above, we make no comment as to the sufficiency of the service on the mother.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.