This case concerns the appropriateness of the entry of a default judgment.
The plaintiffs, who are reputed detectives in the Montgomery area, filed suit in the Circuit Court of Montgomery County against the Commissioner of the State Department of Revenue (Department). The complaint requested the court to order the defendant to furnish them with information regarding the owners of property listed by the Department pursuant to the Uniform Disposition of Unclaimed Property Act, Ala. Code (1975), §§35-12-20 through -48.
On the day the case was scheduled for trial, counsel for the defendant did not appear. Apparently, no attempt was made to contact counsel for the Department to determine why he did not appear, although it appears that it was the custom of the Montgomery Bar to make such inquiry by phone. Default judgment against the defendant was entered. An order was issued by the court, directing the Department to provide the plaintiffs the information requested in their complaint pursuant to Ala. Code (1975), § 35-12-32.
Within thirty days after entry of the default judgment, the defendant filed a motion under Rule 59, Alabama Rules of Civil Procedure, to vacate the judgment and order. The motion stated that the failure of counsel to appear was due to mistake of counsel in calendaring the trial date and that there was a defense to the suit as stated in the answer previously filed. The motion to set aside the default was denied.
The Department has appealed. We reverse and remand.
Although the Department styled its motion as a Rule 59 motion, we deem that motion actually to be a motion pursuant to Rule 55(c), A.R.Civ.P., to set aside the default.
"[I]t is a well-settled rule that judgments by default are generally disfavored because they deprive parties of resolution of issues on the merits." Vaughn v. Vaughn, 473 So.2d 1090, 1091(Ala.Civ.App. 1985).
In this case the entry of the default prevented the trial court from addressing an important issue of interpretation of a state statute: whether Ala. Code (1975), § 35-12-32, requires the Department to *Page 643 
provide the plaintiffs with access to Department records, including names and addresses of the owners of unclaimed property, so that plaintiffs could seek contact with them, presumably for a reward.
Although the setting aside of a default judgment is a matter within the trial court's discretion, the exercise of that discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of such judgment.Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978). In reviewing the trial court's denial of the defendant's motion to set aside the default judgment, we look to see whether the trial court abused its discretion. Lighther Investigators, Inc. v. Goodwin,447 So.2d 679 (Ala. 1984).
We find that counsel for the Department showed excusable neglect in failing to appear at trial, that prompt measure was taken seeking to set aside the default, and that a meritorious defense is presented which needs to be heard by the court. Thus, we consider that the trial court abused its discretion because it prevented the resolution of the important statutory interpretation question presented by the case. We, therefore, reverse so that a trial of the merits of the parties' dispute may take place.
This case is reversed and remanded to the trial court for hearing on the complaint and answer.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.