ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from a default judgment entered against Michael Anthony Loupe (husband) in a domestic relations case.
On April 4, 1991 Donna Loupe (wife) filed a summons and complaint for divorce against the husband in the Circuit Court of Coffee County. The husband was served with process by certified mail on April 8.
The husband did not answer the complaint within 30 days of its filing. The wife subsequently filed a motion for default judgment, which was granted. The court entered a divorce decree awarding the wife custody of the parties’ minor children and ordering the husband to pay $380 per month child support. The wife was also awarded much of the marital estate.
On May 31, more than 50 days after the' service of process, the husband filed an answer to the complaint for divorce, along with a motion to set aside the default judgment and divorce decree. This motion was set for hearing on June 17, 1991. The husband and his attorney failed to appear at the hearing; however, the attorney did appear before the court later that same day to request that the motion be reset for hearing. The court complied and a hearing on the motion was held on June 27, 1991. After taking the evidence ore tenus, the trial court denied the husband’s motion to set aside the default judgment. The husband appeals.
The trial court has broad discretion to determine whether to grant a motion to set aside default judgment. Kirt *156 land v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). However, in Kirtland the Alabama Supreme' Court “emphatically” held that the trial court should exercise this broad discretion with a liberal bias toward allowing the defendant to have his day in court. The supreme court then outlined these three factors that a trial court must consider in making its determination: (1) whether the defaulting party can establish a meritorious defense, (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside, and (3) whether the.default judgment resulted from the defendant’s own culpable conduct.
In applying the Kirtland factors to this case, we must first determine whether the husband has a meritorious defense. To meet this standard, a defense must be of such merit as to foreseeably change the outcome of the case if it is allowed to be litigated. Kirtland. Here, the father has averred that he supplied most of the capital for the business and other marital property that was awarded to the wife, and claims that he should be awarded some ownership in this property. The father has also alleged that he is the fit and proper person to be awarded custody of the children. It is foreseeable that the father could produce evidence on these joints that could change the outcome of the trial court’s judgment; thus, we find that the first factor of Kirtland has been met.
We must next examine whether the wife would be substantially prejudiced if the default judgment were set aside. Under Kirtland, a plaintiff’s rights are not substantially prejudiced if the harm that would be suffered can be mitigated by the imposition of reasonable terms and conditions.
Here, the wife was awarded most of the marital estate, including the parties’ joint bank accounts. However, the wife was also burdened with the indebtedness upon the estate. The record shows that since the time the divorce decree was rendered the wife has paid over $11,000 in debts and taxes on the property awarded to her. She has also traded in a damaged vehicle. The wife argues that she would be substantially prejudiced by a readjudication of the divorce because she has been forced to convert these assets.
We agree that there is a potential for prejudice to the wife here. However, we find that the trial court could avoid such prejudice by imposing certain restrictions and conditions upon a relitigation of the divorce. The trial court could properly determine whether the husband is entitled to some interest in the parties’ joint property without requiring the wife to repay him for assets she has been forced to expend. We therefore find that the second factor in Kirtland has been met here.
Lastly, we must determine whether the default judgment resulted from culpable behavior by the defendant. To justify upholding a default judgment, the defendant's behavior must be found to be “conduct committed willfully or in bad faith”; negligence alone is insufficient to establish culpability. Kirtland.
In this case, the record shows that the husband failed to file a timely answer to the wife’s complaint because of a clerical mistake made by his attorney’s secretary. At the hearing on the motion to set aside the default judgment, the secretary testified that the attorney had prepared an answer to the complaint and that the husband approved the document. However, the secretary failed to file the answer with the circuit clerk and this mistake was not discovered until default judgment had been entered. The secretary confirmed that the husband’s attorney filed a motion to set aside the default judgment immediately after the mistake was discovered.
In Kirtland, the supreme court held that a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability. The court cited with approval four opinions in which a trial court was reversed for refusing to set aside a default judgment based solely on the negligence of the defendant’s attorney. In one such cited opinion, White v. Trantham, 513 So.2d 641 (Ala.Civ.App.1987), a default judgment was entered against the defendant after his attorney failed to ap *157 pear in court for the trial. The trial date had not been properly set on the attorney’s calendar in his office. Based on this excuse, the trial court denied the defendant’s motion to set aside default judgment. On appeal, this court found that the attorney’s mistake was attributable to excusable neglect. We also noted that the attorney had exercised due diligence in seeking to set aside the default judgment, once he realized the error he had committed.
This court will not reverse a trial court’s denial of a motion to set aside default judgment in cases where the movant caused the default by intentionally engaging in conduct that evidences disrespect for the judicial system. Ex parte Illinois Cent. Gulf R.R., 514 So.2d 1283 (Ala.1987). However, in this case, the evidence overwhelmingly shows that the default judgment was entered because of the honest mistake of the attorney’s secretary, rather than a willful failure to comply with the rules and orders of the court. We do not find that it would serve justice to deny the husband his day in court in order to punish his attorney for simple negligence. However, we emphasize the language of the supreme court in Ex parte Illinois, wherein the court reversed a trial court’s denial of a motion to set aside default judgment:
“Our holding is not to be understood as saying that the language of Rule 55(c) — ‘the court may also set aside a judgment by default’ — will, in every instance, be interpreted as an unconditional mandate to set aside the default judgment where a party has filed a motion to do so....”
The order of the court denying the husband’s motion to set aside default judgment is hereby reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.