Merrill F. Hutchinson and Jane C. Hutchinson were divorced in February 1993; the divorce judgment incorporated the parties' agreement regarding child custody, support, and the property division. The judgment provided that the parties would have joint custody of their two children, with the mother having custody during the school months, the father having custody during the summer months, and each having access and visitation at reasonable times, upon reasonable notice, and for such periods of time as they should mutually agree. As a part of the property division, the mother was awarded the marital residence in Huntsville, Alabama, together with certain real property in Ware, Massachusetts. Upon the sale of the home in Alabama, the mother was to pay the father $115,000. The father was ordered to execute the necessary documents to effectuate the transfer of title within a reasonable time after the execution of the agreement. Further, they agreed that there would be no award of child support, because "they each have their separate funds and shall share joint custody of the minor children."
In August 1993, at the end of his summer custodial period and while the children were with him in Massachusetts, the father filed a petition for modification and an emergency hearing, requesting that custody be awarded to him because of the desires of the children and their reports to him concerning the mother's drinking. He also averred that the mother had failed and refused to keep the house on the market, and he requested a court order to require the mother to restore the house to the market. On August 24, 1993, the trial court denied the father's petition for temporary custody, pending final resolution of his petition, and it ordered that the children be returned to the mother. The mother filed an answer denying the material allegations of the father's petition, together with a counterclaim alleging the father to be in contempt of court for violation of the original judgment, and requesting a modification awarding her custody of the children, together with child support, medical insurance, and expenses. *Page 788 
In October 1993, the father's attorney filed motions to dismiss the original petition and to withdraw from further representation of the father. These motions were granted on October 21 and 22, 1993. Upon the case being set for trial on October 26, 1993, on the mother's counterclaim, the father appeared through different counsel, who filed a limited appearance requesting a continuance, alleging that he had not had sufficient time to prepare for trial. That motion was denied. Following the collapse of settlement negotiations, the case was again called for trial on October 29. Although the father's attorney appeared, the father did not. A default judgment was entered against the father, with leave granted for the mother to submit proof of damages. Again, the father's attorney filed a motion to withdraw, stating that he had been hired for the limited purpose of seeking a continuance, and that he had attempted a settlement and had informed the father on October 28 that in view of the collapse of negotiations, the father would be expected to be before the court on October 29.
Following receipt of the mother's affidavit regarding damages, the trial court entered an order finding the father to be in contempt, transferring the real property to the mother, granting custody of the children to the mother with specified visitation for the father, establishing the father's child support obligation, requiring the father to maintain health insurance with his employer for the children, and granting the mother a judgment for air fare and attorney fees. The father, through different counsel, filed a post-judgment motion to set aside the default judgment and to order a new trial, or for relief from judgment, and requested that the dismissal of his original petition be set aside pursuant to Rule 60(b)(6), A.R.Civ.P. That motion was denied. Hence, this appeal.
On appeal, the father contends that the trial court erred in refusing to grant a continuance and proceeding to enter a default judgment against him. He also contends that it abused its discretion in refusing to set aside the default judgment and in failing to grant his motion, pursuant to Rule 60(b)(6), A.R.Civ.P., to set aside his own dismissal of his original petition.
The applicable standard of review in appeals stemming from a trial court's grant or denial of a motion to set aside a default judgment is whether the trial court's decision constituted an abuse of discretion. Johnson v. Moore,514 So.2d 1343 (Ala. 1987). Thus, the initial question is whether the trial court abused its discretion in denying the father's motion to set aside the default judgment. While Rule 55(c), A.R.Civ.P., confers broad discretionary authority upon the trial court, the court's discretion is not boundless. SeeKirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988).
One primary principle of the Alabama Rules of Civil Procedure is that the parties to an action should be afforded a prompt and fair trial upon the merits. Oliver v. Sawyer,359 So.2d 368 (Ala. 1978). Inherent in this principle is that default judgments are not favored, and, while the trial court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment.Welch v. G.F.C. Credit Corp., 336 So.2d 1346 (Ala.Civ.App. 1976). Thus, in determining whether to grant or deny a motion to set aside a default judgment, a trial court should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court. Kirtland,supra. Our Supreme Court, in Kirtland, established three factors that a trial court should consider in exercising its broad discretionary authority pursuant to Rule 55(c), A.R.Civ.P.: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland at 605.
In determining whether a defendant has a meritorious defense, he need not satisfy the trial court that he would necessarily prevail at a trial on the merits, but only that he is prepared to present a plausible defense. See Ex parteIllinois Central Gulf Railroad *Page 789 Co., 514 So.2d 1283 (Ala. 1987). The defense must be of such merit as to allow the trial court to reasonably infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. Hannah v. Blackwell, 567 So.2d 1276
(Ala. 1990).
The father filed a general denial to each of the allegations of the mother's counterclaim. The mother's counterclaim, inter alia, asserts that the father was in contempt of the court's order that he execute the necessary documents to transfer title to certain real property to the mother. Pursuant to the agreement of the parties, the mother was to pay the father a sum certain for his interest in the properties, upon her sale of those properties. The father testified that the mother had removed the property from the market, and that, based on advice of counsel, he did not deem it unreasonable to refuse to sign the deeds until she had complied by selling the property. The mother's counterclaim asserts that she had decided not to sell the property, but to refinance it and to pay the father the sums due, pursuant to the judgment. If proven, these facts could constitute a plausible defense to the charge of contempt against the father. Regarding the mother's petition for modification of custody and support issues, the father's motion and his testimony assert not only his general denial, but that he had been informed, in the interim, of his daughter's attempted suicide on November 18, 1993. Based upon the father's motion and testimony, it is conceivable that a trial on the merits could change the outcome of the case.
As to the second factor of the analysis, the father claims that the mother will not be unfairly prejudiced if the default judgment is set aside. Mere delay is insufficient for establishing prejudice; it must be shown that a delay would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Owens v. Owens, 626 So.2d 640 (Ala.Civ.App. 1993). No such showing having been made, the second prong of the analysis has been met.
Last, we examine the culpability of the defaulting party. The father admits that he received notice of the trial setting approximately two weeks prior; however, he testified that, at the time, he was employed as a truck driver for a company in Massachusetts at a particularly busy time of the year, and that he was sure that if he left his employment, his employment would be terminated. He attempted to engage other counsel and was finally able to engage second counsel albeit only for the purpose of requesting a continuance. There is no indication in the record that other continuances had been requested. After the withdrawal of his second counsel, whose motion for leave to withdraw avers that he had been unable to contact his client to inform him of his withdrawal, the father engaged present counsel, who filed a timely motion to set aside the default judgment, pursuant to Rule 55(c), A.R.Civ.P. Thus, the father has at all times demonstrated due diligence in his defense of this action, e.g., responding to pleadings, securing three different counsel, and moving to set aside the default judgment within 30 days after it was entered. As this court opined inEvans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App. 1983):
 "We think that especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved."
Accordingly, based upon the facts of this case, we find an abuse of discretion in the trial court's refusal to set aside the default judgment on the father's motion. Having determined that the judgment of the trial court is due to be set aside, and the cause remanded for further proceedings, we pretermit any discussion of the remaining issues, except to note, as to the father's request for Rule 60(b)(6) relief, that the voluntary dismissal of his petition for custody and the judgment thereon, before the entry of a final judgment, is interlocutory in nature in the absence of an entry in accordance with Rule 54(b), A.R.Civ.P. Thus, the trial court may allow the revival of his petition, or the father may file a new petition. *Page 790 
In accordance with the foregoing, the judgment of the trial court is reversed, and the cause is remanded for the trial court to set this case for a hearing on the merits.
The mother's request for attorney fees is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.