Armando DeQuesada, the husband, appeals from the trial court's denial of his motion for relief from a default judgment entered against him in favor of Rebecca Long DeQuesada, the wife.
The parties were divorced on October 4, 1990, after approximately seven years of marriage. The divorce judgment awarded custody of the parties' three children to the wife and ordered the husband to pay $75 per week in child support. On August 8, 1994, the wife filed a petition requesting the trial court to hold the husband in contempt for failure to pay child support. The husband filed an answer, pro se, on October 4, 1994. On September 1, 1995, the circuit clerk dismissed the case, apparently by mistake, for failure to obtain service on the husband; the clerk returned the case to the court's active docket on September 21, 1995, noting that the husband had answered the complaint.
On January 25, 1996, the trial court set a hearing on the contempt petition for April 1, 1996. The circuit clerk issued notices, which were mailed to the parties on February 8, 1996. The husband failed to appear for trial on April 1, 1996, and the trial court entered a default against him. On April 8, 1996, the husband, pro se, filed a motion to set aside the entry of default. The trial court denied the motion on April 11, 1996, and entered a default judgment finding the husband in arrears in child support payments in the amount of $14,240. The trial court ordered that the husband must pay the arrearage amount within three months to purge himself of contempt. On April 26, 1996, the husband, *Page 1098 
through counsel, filed a motion to vacate the default judgment. This motion was likewise denied. The husband appeals.
The husband contends that he did not receive the notice of the trial date because the notice was sent to his previous address in Decatur, Alabama, rather than to his current residence. His pro se motion for a new trial included his current address in Hartselle, Alabama. The wife does not dispute the fact that the notice of the trial date was not delivered to the husband, but relies on the proposition that litigants are generally responsible for being aware of their trial date. D J Mineral Mining, Inc. v. Wilson,456 So.2d 1099 (Ala.Civ.App. 1984). While that assertion is correct, we note the "well-settled rule that judgments by default are disfavored because they deprive parties of resolution of issues on the merits." White v. Trantham, 513 So.2d 641
(Ala.Civ.App. 1987) (quoting, Vaughn v. Vaughn, 473 So.2d 1090
(Ala.Civ.App. 1985)).
The trial court may, in its discretion, set aside the entry of a default pursuant to Rule 55(c), Ala. R. Civ. P. Thus, in reviewing the trial court's denial of a motion to set aside a default judgment, we are to determine whether the trial court abused that discretion. White, supra, at 643. However, this court and the Supreme Court have reiterated that the trial court "should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court." Hutchinson v. Hutchinson, 647 So.2d 786, 788
(Ala.Civ.App. 1994). See also, Kirtland v. Fort Morgan Authority SewerService, Inc., 524 So.2d 600 (Ala. 1988) and Fries CorrectionalEquipment, Inc. v. Con-Tech, Inc., 559 So.2d 557 (Ala. 1990).
Our Supreme Court has established three factors that the trial court should consider in exercising its discretion pursuant to Rule 55(c), Ala. R. Civ. P.: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Hutchinson, supra, at 788 (quoting Kirtland, supra, at 605 (Ala. 1987)).
In establishing a meritorious defense, the defaulting party must satisfy the trial court that it is prepared to present a plausible defense; he is not required to show that he would necessarily prevail on the merits. Con-Tech, supra, at 561. "The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could forseeably alter the outcome of the case." Id. (quoting Kirtland, supra, at 606).
The husband stated in his answer to the complaint and in his motion to set aside the default judgment that the wife was not entitled to all of the child support arrearage that she claimed. He stated that she had failed to give him credit for some of the payments that he made to her and that the children had lived with him for a substantial time since the divorce; this latter fact, he argues, would negate his obligation to pay some of the child support. Thus, the husband alleged sufficient facts to counter the wife's claim against him. See, e.g., Appalachian Stove Fabricators, Inc.v. Roberts, 544 So.2d 893, 897 (Ala. 1989). If proven, these facts would present a plausible defense and would alter the outcome of the case, and, therefore, satisfy the first factor of the analysis.
In support of the second factor, the husband argues that setting aside the default judgment would not unfairly prejudice the wife. Mere delay is insufficient to establish prejudice; delay is considered prejudicial only if it would result in the loss of evidence, create increased difficulties of discovery, or provide a greater opportunity for fraud or collusion. Hutchinson, supra, at 789. There is no evidence of such potential prejudice; therefore, the second prong has been met.
The final element to be considered is the defaulting party's culpability. The evidence is undisputed that the notice of the trial date was not sent to the husband's current residence, but to his previous address. Although the notice was not returned to the circuit clerk as undelivered, there is no evidence to *Page 1099 
contradict the husband's assertion that the notice did not reach him.
The wife argues that the husband was culpable by failing to inform the circuit clerk of his new address. However, the situation appears to fall into the category of excusable neglect rather that culpable conduct. This court has stated:
 "We think that especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved."
Evans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App. 1983). The record does not indicate how the husband was informed of the entry of default; however, the record does reveal that he promptly took action by moving to have it set aside and by asserting a meritorious defense in support of his motion. See, e.g., White, supra at 643; Hutchinson, supra, at 789. See, alsoCon-Tech, supra, at 563 (reversing denial of motion to set aside default judgment where there was disputed evidence that the defaulting party had avoided process).
For the foregoing reasons, we hold that the trial court's refusal to set aside the default judgment constituted an abuse of discretion. Therefore, the denial of the motion to set aside the default judgment is reversed, and the cause is remanded so that the case may be resolved on the merits.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.