MONROE, Judge.
Daniel Bruce Weaver, the husband, appeals from the trial court’s denial of his *911 motion to set aside a default judgment. We reverse the trial court’s judgment.
The parties were divorced on June 30, 1994. The parties had entered a divorce agreement, by which the husband agreed to pay Catherine Lynn Weaver, the wife, a fixed amount of alimony, equal to the sum of 57 monthly installments of $733.00, beginning July 1, 1994. On November 11, 1998, the wife filed a contempt petition, alleging that the husband had failed to pay the alimony. The husband was served on November 21, 1998. On January 13, 1999, the wife’s attorney applied for a default judgment for the husband’s failure to answer; the court entered a default on January 25, 1999. The husband, unaware of the default judgment, appeared for the first scheduled hearing on January 28, 1999, only to discover that the trial court had entered the judgment against him. On that same day, his counsel filed a motion to set aside the default judgment, supported by letters the husband had sent to the wife’s attorney and copies of canceled checks indicating he had sent the wife alimony payments. The trial court, after hearing arguments, denied the motion. On March 5, 1999, the husband filed an answer asserting that he owed the wife no money, and he filed with it a motion to “reconsider” the judgment. The court denied this motion on March 8, 1999.
On appeal, the husband contends that the trial court abused its discretion in failing to set aside the default judgment. He further contends that he did not receive the three-day notice required by Rule 55(b)(2), Ala.R.Civ.P.
When a trial court has considered evidence and arguments without the benefit of a hearing, an appellate court may sit in judgment on the evidence. Owens v. Owens, 626 So.2d 640, 641 (Ala.Civ.App.1993).
“One primary principle of the Alabama Rules of Civil Procedure is that the parties to an action should be afforded a prompt and fair trial upon the merits.” Hutchinson v. Hutchinson, 647 So.2d 786, 788 (Ala.Civ.App.1994). “Inherent in this principle is that default judgments are not favored, and, while the trial court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment.” Id. See also, DeQuesada v. DeQuesada, 698 So.2d 1096, 1098 (Ala.Civ.App.1997).
Rule 55(c), Ala.R.Civ.P., confers broad authority on trial courts. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). This discretion, however, is not boundless. Id. “When exercising its discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable.” Id. In addition to this underlying presumption, the Supreme Court has established guidelines to assist the trial court in exercising its discretion pursuant to Rule 55(c): (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was a result of the defendant’s own culpable conduct. Id. at 605. See also, DeQuesada, supra.
In establishing a meritorious defense, the defaulting party need not satisfy the trial court that it will prevail on the merits, only that it is prepared to present a plausible defense. Kirtland. See also, DeQuesada, supra. The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. Kirtland, at 606. See also, DeQuesada, supra.
In his motion to set aside the default judgment, the husband alleged that he had a justiciable defense. He supported his motion with a letter he had sent the wife’s attorney, dated December 1, *912 1998; that letter referred to a June 24, 1998, letter in which he had indicated that he had made all payments, had paid in advance, and would simply prove his case in court. He further submitted copies of canceled checks indicating that he had made every alimony payment to the wife. Finally, he submitted a balance sheet corresponding with the checks, showing every payment made and the totals. This evidence indicates that the husband had a defense to the wife’s assertions, namely that he had paid most, if not all, the alimony payments. If proven, these facts would present a plausible defense and would alter the outcome of the case. The husband has, therefore, satisfied the first factor of the three-part analysis.
The second factor a trial court must consider when ruling on a Rule 55(c) motion is “the prejudice befalling the non-defaulting party if the default judgment is set aside.” Kirtland, at 606. Mere delay is insufficient to establish prejudice, unless it would result in a loss of evidence, create increased difficulties of discovery, or provide a greater opportunity for fraud. DeQuesada, supra. Increased cost is not sufficient to justify a refusal to set aside a default judgment. Ex parte Gilliam, 720 So.2d 902, 906 (Ala.1998). To warrant a denial of a Rule 55(c) motion, prejudice must be substantial. Kirtland, supra, at 607.
The wife alleges merely that the default judgment should not be overturned because, she says, she did “everything [she] was supposed to do” and the husband did not. She further asserts that she is incurring increasing legal fees as a result of the husband’s efforts to overturn the default judgment. These assertions do not amount to substantial prejudice, and, because no other evidence of substantial prejudice has been shown, we conclude that the second factor has been satisfied.
Last, the trial court should consider the culpability of the defaulting party’s conduct. Id. “Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside.” Id. “Negligence by itself is insufficient.” Id. Willful and bad-faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. Id. at 608. “The strong policy of resolving legal issues on the merits must yield when a defaulting party has committed intentional acts that are contrary ,;o procedural rules.” Id. “ However, a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.” Id.
In the instant case, the record is not determinative of the issue whether the husband committed culpable conduct in failing to answer. However, we find in the record no evidence of intentional disregard for court orders and no evidence of a disrespect for judicial authority. The husband promptly filed his motion to set aside the default judgment, containing a statement of a meritorious defense and supported by evidence; and he complied with further discovery orders of the court pending the hearing on his motion to set aside the default judgment. The husband’s actions appear to fall into the category of negligence, rather than culpable conduct.
The trial court’s refusal to set aside the default judgment constituted an abuse of discretion. The default judgment is reversed, and the cause is remanded, for it to be resolved on its merits.
Because we have determined that the default judgment must be reversed, we need not discuss other issues the parties have raised.,
The wife’s request for an attorney fee is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.