Lesa A. Buster, the wife, appeals from a default judgment entered by the Marshall Circuit Court in a divorce proceeding initiated by David A. Buster, the husband.
In April 2004, the husband filed a complaint for a divorce in the Marshall Circuit Court. The husband alleged that he was a resident of Marshall County and that the wife had been a resident of Alabama for more than six months immediately preceding the filing of the complaint; that the parties were married in August 2000; that they had separated in February 2004; that they had a son, who was born in July 1998; and that the parties had a complete incompatibility of temperament and that there had been an irretrievable breakdown of the marriage. The husband also alleged that the wife had physical custody of the parties' son but that it would be in the child's best interest for the husband to have custody of the son. The husband requested that the trial court enter an order divorcing the parties, awarding him custody of the parties' child, awarding him child support, and dividing the marital property and debts.
Simultaneously with the filing of the complaint, the husband filed a motion requesting pendente lite custody of the child and pendente lite rights to live in the marital residence, which, he alleged, the wife had left. The husband alleged that the wife would not allow him reasonable visitation with his son, that the wife was unemployed, that she was cohabiting with another man, and that she had "abruptly changed the minor child's school and placed [him] in an immoral environment." The husband also filed a motion requesting that the trial court appoint a special process server to serve the wife with the complaint, the motion for pendente lite relief, and the motion for a special process server.
The trial court entered an order appointing a special process server. On April 14, 2004, the trial court entered an order setting the husband's motion for pendente lite custody for a hearing in May 2004. Thereafter, on April 27, 2004, the trial court entered an order on the case-action-summary sheet changing the hearing on the pendente lite motion to July 8, 2004.
The record reflects that the summons and complaint were served on the wife on June 1, 2004. On July 2, 2004, the husband filed an application for a default, with a supporting affidavit, with the clerk of the court. The case-action-summary sheet reflects that upon the filing of the application and affidavit the clerk made an entry of default against the wife. The case-action-summary sheet also reflects that on July 2, 2004, the husband filed a Form CS-41 Child Support Obligation Income Affidavit executed by him and a Form CS-42 Child Support Guidelines statement prepared by the husband's attorney (see Rule 32, Ala. R. Jud. Admin.); that the trial court "took *Page 476 
ore tenus testimony from" the husband; and that the trial court entered a judgment of divorce. The record contains no transcript of the testimony that the trial court received, but it does contain the CS-41 and CS-42 forms, along with an unexecuted CS-41 form as to the wife's alleged income.
The July 2004 judgment states that the parties were divorced on the ground of irreconcilable differences, that the husband was awarded custody of the parties' son, and that the wife must pay $157 per month as child support. The judgment also states that the trial court was "reserving jurisdiction" to decide issues relating to the wife's visitation with the child and the payment of medical expenses for the child but that, pending the filing of a motion by the wife or the husband as to the wife's visitation rights, the wife would have supervised visitation with the child. We note that the husband's CS-41 and CS-42 forms reflect that the husband maintains health insurance for the parties' son; there is nothing in the record to suggest that additional medical expenses for the child were at issue. We also note that the judgment divided the marital property and debts.
On July 14, 2004, the wife filed a motion to set aside the default judgment, alleging:
 "1. The [wife] attempted to find counsel to represent her in this case as soon as she was served with a copy of the Summons and Complaint. There was some delay on her part because she spoke first with a private attorney and then tried to raise funds for her representation but was unsuccessful. She then contacted Legal Services Alabama, but there was a delay in consideration of her case and missed communication between Legal Services and the [wife], which resulted in her not being represented by Legal Services prior to the entry of the Default Judgment of Divorce.
 "2. The [wife] had been informed that a Pendente Lite hearing was scheduled for July 8, 2004 in this cause, and therefore, believed that she had until that date to file an answer in the case. She obtained assistance from private counsel in the preparation of a Pro Se Answer and Counterclaim. She attempted to filed that Answer and Counterclaim on either July 6, 2004 or July 7, 2004, but certainly before the hearing on July 8, 2004, but her filing was refused and she was given a copy of the Default Judgment of divorce entered July 2, 2004. She then contacted Legal Services again concerning representation.
 "3. The parties have a child. The [husband] has custody of the child after forcefully removing the child from the physical custody of the [wife] following the separation of the parties. The well-being of that child is at issue in this case. The [wife] has a defense to the Divorce. The [wife] is the more fit and proper person to have custody of the minor child of the parties. She needs to be heard."
The wife requested that the trial court set aside the default judgment, that it allow her to file her answer and a counterclaim, and that it reschedule the pendente lite hearing. The wife's motion was filed by an attorney from Legal Services Alabama.
The trial court set the wife's motion for a hearing to be held in September 2004. After the hearing, the trial court failed to enter an order disposing of the wife's motion before it was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The wife filed a timely appeal. On appeal, she contends that the trial court abused its discretion by failing to set aside the default judgment.
Rule 55(c), Ala. R. Civ. P., provides: *Page 477 
 "(c) Setting Aside Default. In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment."
 "`By its plain language, Rule 55(c) confers broad discretionary authority upon trial judges. This discretion, however, is not boundless. Rule 1(c), Ala. R. Civ. P., states: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." Thus, Rule 1 mandates that trial courts construe Rule 55(c) to effectuate an expeditious, efficient, and just resolution of litigation. This requires a trial court to balance two competing policy interests associated with default judgments: 1) the need to promote judicial economy and 2) the need to preserve an individual's right to defend on the merits. See C. Wright, A. Miller 
M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed.1983).'"
Ex parte Family Dollar Stores of Alabama, Inc.,906 So.2d 892, 898 (Ala. 2005) (quoting Kirtland v. Fort MorganAuth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala. 1988)).
In Kirtland v. Fort Morgan Authority Sewer Service,Inc., supra, our Supreme Court established a two-pronged analysis for evaluating motions under Rule 55(c) for relief from default judgments. This two-pronged analysis is designed to balance the two competing policy interests of judicial economy and a litigant's right to defend on the merits.Kirtland, 524 So.2d at 604.
The first prong of the analysis identified by theKirtland Court is that the trial court mustpresume that cases "should be decided on the merits whenever practicable." 524 So.2d at 604. The second prong of the analysis entails the consideration of three factors commonly referred to as the Kirtland factors: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland,524 So.2d at 605.
As this court recently observed in Sumlin v. Sumlin,931 So.2d 40 (Ala.Civ.App. 2005), the two-pronged analysis of a Rule 55(c) motion begins with the presumption that a case should be decided on the merits whenever practicable
 "because `the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy.' [Kirtland,] 524 So.2d at 604. It is against this presumption and its recognition of the paramount nature of a litigant's right to defend on the merits that this court should interpret and apply the second step in the Kirtland analysis."
931 So.2d 44 at (emphasis added). As the Kirtland
Court, itself, explained:
 "First, when exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3rd Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting *Page 478 
party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala. 1987); Elliott v. Stephens, [399 So.2d 240 (Ala. 1981)]; Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978); Knight v. Davis, 356 So.2d 156 (Ala. 1978). We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court's discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person's right to defend himself in a civil action to which he is a party, elucidates this state's commitment to protect an individual's right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."
524 So.2d at 604-05 (emphasis added).
The "strong bias" recognized by the Kirtland Court in favor of deciding cases on the merits is particularly strong in domestic-relations cases. As this court stated in DeQuesadav. DeQuesada, 698 So.2d 1096 (Ala.Civ.App. 1996):
 "`We think that especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved.'"
698 So.2d at 1099 (quoting Evans v. Evans,441 So.2d 948, 950 (Ala.Civ.App. 1983)). As this court even more recently observed:
 "Indeed, we can envision no species of case in which the `strong bias' in favor of reaching the merits, see Kirtland, 524 So.2d at 605, could be any stronger than in a case such as this involving custody of a minor child."
Sumlin, 931 So.2d at 44. See generally, e.g.,Davis v. Davis, 743 So.2d 486, 487 (Ala.Civ.App. 1999) (quoting Fesmire v. Fesmire, 738 So.2d 1284, 1287
(Ala.Civ.App. 1999), quoting in turn other cases that establish a court's "`"`duty to guard and protect the interest of its infant wards with scrupulous care'"'").
Based on our review of the record and the parties' arguments, and in the context of the particularly strong presumption in favor of deciding child-custody cases on their merits, we cannot conclude that a weighing of the three factors to be considered in the second prong of the Kirtland analysis justified the trial court's denial of the wife's motion to set aside the default judgment. There is no suggestion that the husband would have been unfairly prejudiced by setting aside the default judgment; nor is there any evidence indicating that the wife was guilty of the type of culpable conduct that might mitigate in favor of the trial court's refusal to set aside the default judgment.[1] In fact, in his *Page 479 
appellate brief, the husband focuses his argument on the first of the three Kirtland factors, i.e., whether the wife sufficiently demonstrated the existence of a potentially meritorious defense.[2]
Although the wife failed to file a timely answer, she promptly filed a motion to set aside the default judgment in which she alleged that she had miscommunicated with the attorneys who ultimately represented her and that she had attempted to file an answer within days after the default judgment was entered, but the filing was refused. As to the substance of her position, the wife alleged that the husband had "forcefully remov[ed] the child from the physical custody of the [wife]," that "[t]he well being of [the parties'] child is at issue," and that "the [wife] is the more fit and proper person to have custody of the minor child." In this regard, the present case is not unlike that of Loupe v. Loupe, 594 So.2d 155
(Ala.Civ.App. 1992), in which this court reversed the entry of a default judgment where the father filed an untimely "answer" along with his motion to set aside a default judgment. As this court held in Loupe, the father "alleged that he is the fit and proper person to be awarded custody of the children. It is foreseeable that the father could produce evidence on these points that could change the outcome of the trial court's judgment; thus, we find that the first factor ofKirtland has been met." 594 So.2d at 156.
Based on the record presented in this case, including the wife's allegations in her motion to set aside the default judgment, the prompt filing of that motion and the lack of any prejudice that would result from granting that motion, and the lack of culpability within the meaning of that term prescribed by our Supreme Court in Kirtland, we conclude that the trial court did not balance the equities relating to the wife's motion to set aside the default judgment with the requisite strong bias in favor of deciding a custody case such as this on its merits. We therefore reverse the trial court's judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
 CRAWLEY, P.J., concurs. *Page 480 
THOMPSON and PITTMAN, JJ., concur in the result, without writing.
BRYAN, J., dissents, without writing.
[1] "Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient." Kirtland, 524 So.2d at 607. There is no indication in the record before us of any conduct committed wilfully or in bad faith by the wife.
[2] The husband concedes that "it is likely that [the wife] may satisfy the [culpability] prong of the [Kirtland] test." Although the husband contends that the wife failed to meet the second (prejudice) prong of the Kirtland test, he explains his position in this regard as follows:
 "Although the Kirtland test is put forth as a three pronged test, where the party moving to set aside a default judgment presents a `meritorious defense' it would appear that courts would tend to find that the nonmovant is not unduly prejudiced by a hearing on the merits. Rasmussen v. W.E. Hutton Co., 68 F.R.D. 231 (N.D.Ga.1975). Therefore, it is [the wife's] lack of a meritorious defense that warranted a denial of her motion to set aside."
(Emphasis added.)
Although we are not bound by the concession of the husband's brief, we agree with the husband that nothing in the record indicates the existence of any culpability or prejudice that would weigh against the strong presumption in this custody case in favor of a decision on the merits. As to the issue of prejudice, see also Sumlin, 931 So.2d at 49 (holding under the circumstances presented in that case that a default judgment was not appropriate "where . . . the record reflects that the defaulting party moved so promptly for relief"); andDeQuesada, 698 So.2d at 1099 ("The record does not indicate how the husband was informed of the entry of default; however, the record does reveal that he promptly took action by moving to have it set aside and by asserting a meritorious defense in support of his motion.").