PITTMAN, Judge,
dissenting.
I respectfully dissent. The record reflects that the mother’s attorney had not communicated with the mother since the day she had been hired. At trial, the mother’s attorney made no objection to the father’s request for physical custody of the parties’ child and asked only a few questions of the father. Although, as the main opinion notes, it is undisputed that the mother’s attorney was aware of the fact that the father was seeking physical custody of the child during trial, I do not consider that notice to be sufficient as to the mother herself to support the main opinion’s invocation of Rule 15(b), Ala. R. Civ. P., as a basis for affirmance.
Based upon the situation presented in this record, the judgment entered in this action is analogous to a default judgment. This court has stated that, “especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved.” Evans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App.1983). “Indeed, we can envision no species of case in which the ‘strong bias’ in favor of reaching the merits, see Kirtland [v. Fort Morgan Auth. Sewer Serv., Inc.], 524 So.2d [600,] 605 [ (Ala.1988) ], could be any stronger than in a case such as this involving custody of a minor child.” Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala.Civ.App.2005); see also Buster v. Buster, 946 So.2d 474 (Ala.Civ.App.2006). The entry of a default judgment resulting from the absence of one of the parties at trial has also been deemed reversible error for similar reasons. See, e.g., Hutchinson v. Hutchinson, 647 So.2d 786 (Ala.Civ.App.1994) (reversing default judgment that, based upon the absence of the father, awarded custody of children to mother and ordered father to pay child support); and K.S.C.C. v. W.H.C., 857 So.2d 830 (Ala.Civ.App.2002) (reversing a default judgment that, based upon the absence of the mother, summarily transferred custody of parties’ children from mother to father). See also Weaver v. Weaver, 747 So.2d 909 (Ala.Civ.App.1999), and DeQuesada v. DeQuesada, 698 So.2d 1096, 1099 (Ala.Civ.App.1996) (reversals of default judgments that had been entered in the absence of parents at hearings to determine whether child-support or alimony arrearages existed and in what amounts).
In this case, the trial court’s error in entering a final divorce judgment awarding custody of the parties’ child to the *635 father without notice to the mother was exacerbated by its summary denial of the mother’s postjudgment motion. If the trial court had conducted an evidentiary hearing after the filing of the post-judgment motion, the decision to award legal and physical custody to the father might well have been proper if the evidence at that hearing had supported the father’s assertions regarding the mother’s paramour and the safety of the parties’ child. The trial court’s failure to grant the mother “ ‘an adequate remedy’ ” and an opportunity to be heard on the custody issue by ‘“a proper tribunal,’ ” see Ex parte White, 245 Ala. 212, 215, 16 So.2d 500, 503 (1944) (quoting 30 Am.Jur. 604, § 17), in my view, constitutes reversible error. Therefore, I must respectfully dissent.
THOMPSON, P.J., concurs.