THOMPSON, Presiding Judge.
On January 27, 2010, the State of Alabama, on behalf of M.E.C. (“the mother”), filed a complaint pursuant to the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala.Code 1975 (“UIFSA”), in the Madison Juvenile Court against B.E.H., Jr. (“the father”). The complaint, as subsequently amended, sought to register for enforcement a judgment entered in 1978 by a Texas court divorcing the mother and the father (“the Texas divorce judgment”). That judgment had required the father to pay $30 per week to the mother as support for the parties’ then minor child, who had been born in June 1972. The complaint alleged that the State of Texas had sought to have the Texas divorce judgment enforced by an Alabama court in 1987 but that the Alabama court had determined that the Texas court had *691 not acquired personal jurisdiction over the father and, as a result, that the child-support provisions of the Texas divorce judgment were not enforceable. The complaint indicated that the Alabama court had entered a child-support order against the father requiring him to pay $120 per month as child support beginning in April 1988. The complaint sought a judgment declaring that the controlling order was the support order issued by the Alabama court in 1988, determining the amount of the father’s child-support arrearage and interest thereon, and ordering the father to pay that amount. The father filed an answer to the complaint.
The juvenile court set the case for trial on September 22, 2010. On September 21, 2010, the father filed a motion to continue the hearing because his counsel was ill. The juvenile court granted the motion and continued the trial until September 29, 2010.
On September 29, 2010, only counsel for the State of Alabama appeared for the scheduled trial; neither the mother, the father, nor the father’s counsel appeared. At the proceeding, counsel for the State of Alabama moved for the entry of a default judgment against the father in the amount of $5,925.44, representing what the State of Alabama alleged was the recoverable amount of the father’s child-support ar-rearage and interest on the arrearage.
On September 30, 2010, the juvenile court entered a default judgment against the father. In its judgment, the juvenile court made the following findings of fact:
“1. The parties were divorced in Texas in 1978. They had one child ... whose date of birth is June 21, 1972.
“2. [The mother] had moved to Texas some time prior to the divorce but [the father] did not live in Texas at the time of the divorce and apparently had no minimum contacts with the state. The divorce [judgment], however, ordered him to pay child support in the amount of $30 per week. There appears to have been no personal jurisdiction over [the father] by the State of Texas thus making the support order invalid as to him in Alabama.
“3. In 1978 [ (sic) ], the state of Texas asked the State of Alabama to enforce the Texas divorce. It was determined that [the father] had never lived in Texas and that the order for child support was therefore not enforceable in Alabama. Instead, a Petition for Support was filed and an Order of Support subsequently entered on April 29, 1988, ... which required [the father] to pay $120 per month until the minor child emancipated.
“4. At some point, the State of Texas asked [the Alabama Department of Human Resources] to close its case and stop collecting. It is unclear as to why this occurred when there was still a valid Alabama Order, but DHR did stop collection.
“5. In January 2010, the State of Texas asked Alabama to file the instant case to determine the controlling order and to collect any arrears owed under that order. The State of Texas contends some $44,000 + is still owed under the 1978 divorce. The State of Alabama contends that a total of $5,925.44 is still collectable under the Alabama order.
“6. The age of emancipation in Texas is 18 years of age or until the minor child finishes high school. The child finished high school in June 1990, the same month he turned 18. The age of emancipation in Alabama is 19.
“7. The statute of limitations for collection of a Judgment in Texas is 10 years. The time in Alabama is 20 years. Under UIFSA, the longer of the statutes is applicable; thus, 20 years would be the applicable time period for which *692 support can be sought. As this action was filed in January 2010, the time frame under consideration here would be support that has accrued since January 1990. This is based on the premise that each payment of child support becomes a final judgment when it has not been paid.”
Based on those findings of fact, the juvenile court held that the child-support order issued by the Alabama court in 1988 was the controlling order; that, since January 1990, $1,664 in child support had accrued as unpaid child support, taking into account all the credits to which the father was entitled; and that interest of $4,261.44 had accrued on that amount. The juvenile court ordered the father to pay the child-support arrearage and interest at a rate of $120 per month. As to the parties’ notice of the hearing, the judgment stated that notice had been sent to counsel for both parties that the trial had been continued until September 29, 2010.
On October 12, 2010, the father filed a postjudgment motion that we -construe as a motion to set aside the default judgment.[1] The juvenile court denied that motion, and the father filed an appeal to the Madison Circuit Court. Shortly after he filed that appeal, it was discovered that an audiotape recording of the September 29, 2010, hearing had been made. Thus, the father moved the circuit court to transfer the appeal to this court based on Rule 28(A), Ala. R. Juv. P., which provides for appeals directly to this court from the juvenile court when, among other things, “[a] record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto.” Rule 28(A)(1)(a), Ala. R. Juv. P. That motion was granted. Subsequently, the juvenile court certified that the record was adequate.
On appeal, the father contends that the juvenile court should have granted his postjudgment motion and set aside the default judgment. “The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion.” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988). “[T]his court and the Supreme Court have reiterated that the trial court ‘should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.’ Hutchinson v. Hutchinson, 647 So.2d 786, 788 (Ala.Civ.App.1994).” DeQuesada v. DeQuesada, 698 So.2d 1096, 1098 (Ala.Civ.App.1996).
“Our supreme court has held that the trial court’s use of discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala.1987). Our supreme court has also established guidelines to assist a trial judge in exercising his discretion.
“ ‘[A] trial court’s broad discretionaiy authority under Rule 55(c)[, Ala. R. Civ. P.,] should not be exercised without considering the following three factors: 1) whether the defendant has *693 a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’
“Kirtland [v. Fort Morgan Auth. Sewer Serv., Inc.], 524 So.2d [600] at 605 [ (Ala.1988) ].”
Martin v. Crumpton, 883 So.2d 700, 703 (Ala.Civ.App.2003).
The father argues that he presented a meritorious defense to the State of Alabama’s action in his motion to set aside the default judgment. “To present a meritorious defense, for Rule 55(c) purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense.” Sampson v. Cansler, 726 So.2d 632, 634 (Ala.1998). Furthermore, “[t]he defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case.” Kirtland, 524 So.2d at 606.
The father asserts that he has numerous meritorious defenses to the State of Alabama’s action against him. Among other things, he argues that the State of Texas had garnished his federal income-tax refunds to be used for child support but that those amounts had not been credited against the amount of child support the State of Alabama was seeking to collect from him.[2] He also argues that the State of Alabama had expressly waived its right to seek further child-support payments from him and had refused to accept child-support payments from him. The father raised both of those arguments in his motion to set aside the default judgment. As to the latter argument, we note that the juvenile court itself found, in its judgment, that the State of Alabama, at the request of the State of Texas, had stopped collecting child support payments from the father.
We conclude that the father demonstrated to the juvenile court in his motion to set aside the default judgment that he was prepared to present plausible defenses to the State of Alabama’s action and that the defenses he proffered to the juvenile court were of such merit that, if litigated, they could have altered the outcome of the case. The father did not set forth those defenses in his motion as “bare legal conclusions without factual support,” but, instead, he cited “relevant legal grounds substantiated by a credible factual basis.” Kirtland, 524 So.2d at 606. As a result, this Kirtland factor weighs in favor of setting aside the default judgment.
The father also asserts that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. “ ‘[T]he prejudice warranting denial of a Rule 55(c) motion must be substantial.’ ” Phillips v. Randolph, 828 So.2d 269, 276 (Ala.2002) (quoting Kirtland, 524 So.2d at 607).
*694 “[W]hen a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside.”
Phillips v. Randolph, 828 So.2d at 278.
In the present case, the record contains no indication that any party would be substantially prejudiced by the setting aside of the default judgment, especially given that apparently no one has attempted to collect the allegedly outstanding child support from the father for a child who reached the age of majority almost 20 years ago. However, it was the father’s obligation, in seeking to have the default judgment set aside, to make a prima facie case showing that no prejudice would befall the State of Alabama or the mother if that motion were granted. The father failed to do so. Indeed, the father never addressed that issue in his motion to set aside the default judgment. As a result, this factor weighs in favor of denying the father’s motion to set aside the default judgment.
Finally, the father argues that the default judgment was not the result of any culpable conduct on his part. Discussing this final Kirtland factor, this court has written:
“Last, the trial court should consider the culpability of the defaulting party’s conduct. [Kirtland, 524 So.2d at 607]. ‘Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside.’ Id. ‘Negligence by itself is insufficient.’ Id. Willful and bad-faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. Id. at 608. ‘The strong policy of resolving legal issues on the merits must yield when a defaulting party has committed intentional acts that are contrary to procedural rules.’ Id. ‘However, a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.’ Id.”
Weaver v. Weaver, 747 So.2d 909, 912 (Ala.Civ.App.1999).
The father argues that neither he nor his counsel were notified by the court that, when the juvenile court granted his motion to continue the trial, the trial had been set for a date approximately a week later. The juvenile court stated in its default judgment that counsel for the State of Alabama and counsel for the father were notified of the September 29, 2010, trial date, but the father argues that nothing in the record indicates that the juvenile court informed any of the parties or their counsel of the new trial date.
In Weaver, one of the parties — the husband — failed to answer a complaint and the trial court entered a default judgment against him. After the trial court denied a motion to set aside that judgment, the husband appealed, and this court reversed the default judgment. In analyzing whether the husband had acted culpably in failing to answer the complaint, this court wrote:
“In the instant case, the record is not determinative of the issue whether the husband committed culpable conduct in failing to answer. However, we find in the record no evidence of intentional disregard for court orders and no evidence of a disrespect for judicial authority. The husband promptly filed his motion to set aside the default judgment, *695 containing a statement of a meritorious defense and supported by evidence; and he complied with further discovery orders of the court pending the hearing on his motion to set aside the default judgment. The husband’s actions appear to fall into the category of negligence, rather than culpable conduct.”
Weaver, 747 So.2d at 912.
In the present case, the father has provided a plausible excuse for his failure to have appeared for the trial, i.e., that the juvenile court had not informed him of the new trial setting despite the fact that it had given him notice when the case was set for trial on previous occasions. The record does not contain any evidence of “intentional disregard for court orders” or “disrespect for judicial authority.” Id. The father, upon learning of the default judgment, promptly filed a motion to set aside the judgment, and, as previously noted, that motion contained at least two meritorious defenses. At most, the father’s failure to appear for trial was negligent; it did not rise to the level of culpable conduct.
We recognize, as the State of Alabama argues, that every party is responsible for keeping track of his or her case and that the juvenile court does not have a duty to notify the parties of a case setting. See Burleson v. Burleson, 19 So.3d 233, 239 (Ala.Civ.App.2009). However, even if we accept that the father faded in his duty of checking the case file and discovering that the trial date had been continued, it would not change our conclusion that the father’s actions constitute negligence at most and do not rise to a level of culpability that would support the denial of a motion to set aside a default judgment. As a result, the last Kirtland factor does not weigh against setting aside the default judgment.
Based on the foregoing, we conclude that the father presented meritorious defenses to the State of Alabama’s action and that the entry of the default judgment was not a result of culpable conduct on the father’s part. In light of this, and under the circumstances of this case, we cannot conclude that the father’s failure to demonstrate prejudice to the mother or the State of Alabama, standing alone, was a sufficient basis on which the juvenile court could have exercised its discretion to deny the father’s motion to set aside the default judgment. See Fuller v. Fuller, 991 So.2d 285, 290 (Ala.Civ.App.2008) (“‘[A] failure to demonstrate that one or both of the second and third Kirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief.’ ” (quoting Sumlin v. Sumlin, 931 So.2d 40, 48 (Ala.Civ.App.2005))). As a result, we conclude that the juvenile court erred to reversal in failing to set aside the default judgment. We reverse the juvenile court’s judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Although the father titled his motion as one seeking "reconsideration” of the judgment pursuant to Rule 59, Ala. R. Civ. P., the substance of the motion indicates that the father was seeking to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P. "It is well settled that '[tjhis Court will look at the substance of a motion rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.’ ” Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 604 (Ala.2009) (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 562-63 (Ala.2005)).

. The State of Alabama counters that, "[d]ur-ing the hearing the State presented a spreadsheet ... giving credit for child support ... for money collected by the State of Texas in February 2010.” The State of Alabama's attorney stated at the trial that the spreadsheet reflected a credit for “a tax intercept in February of 2010 that was made by the State of Texas.” However, the spreadsheet was not made part of the record, and statements of attorneys do not constitute evidence. See Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005) ("The unsworn statements, factual assertions, and arguments of counsel are not evidence."). Moreover, as stated previously, in determining whether the father has set forth a meritorious defense, we are not deciding whether the father would necessarily prevail at a trial on the merits, only whether he is prepared to present a plausible defense. See Sampson, 726 So.2d at 634.