In November 1988 William Seymour filed a complaint for divorce against Jeanne Seymour in the Circuit Court of Mobile County. The wife was residing in Connecticut at the time. After having evidently obtained a satisfactory settlement agreement, the wife filed an affirmative answer admitting the allegations of the complaint as to ages and residences and waiving her right to be present at the taking of evidence or at the submission. She also signed a sworn affidavit alleging that the husband was a resident of Mobile. Subsequent to the pleadings being filed, the Circuit Court of Mobile County entered a decree divorcing the parties.
In 1991 the wife filed a Rule 60(b), Alabama Rules of Civil Procedure, motion alleging that the final judgment of divorce was void for lack of jurisdiction. Following oral proceedings, the trial court denied the motion. The wife appeals.
The wife contends that the trial court erred in refusing to set aside the 1988 judgment. She contends that the judgment was void because at the time the complaint was filed the husband was not a resident of the state of Alabama as required by §30-2-5, Code 1975.
When the defendant in a divorce case is a nonresident of this state, § 30-2-5 requires that the plaintiff be a bona fide Alabama resident for six months before filing the complaint for divorce. If the residency requirement is not met, then trial courts do not have jurisdiction over the marital res. Chavis v.Chavis, 394 So.2d 54 (Ala.Civ.App. 1981). For purposes of §30-2-5, residence is the same thing as domicile. Chavis.
It is undisputed that the wife was not a resident of Alabama at the time the complaint was filed. The dispositive issue, therefore, is whether the husband was a bona fide resident of this state for the six months preceding the filing of the complaint.
Where evidence is presented ore tenus, this court will not disturb a lower court's judgment unless that judgment is palpably wrong, without supporting evidence, or manifestly unjust. Kilpatrick v. Kilpatrick, 579 So.2d 1385
(Ala.Civ.App. 1991).
The record reveals that the parties moved to Mobile in May 1987 and purchased a home. The parties sold the home in April 1988. At that time the husband rented an apartment in Mobile. He maintained his registration to vote in Alabama and paid Alabama income taxes for 1988.
The husband testified that after he rented his apartment in Mobile he went to Connecticut to sign a temporary lease for his wife. While in Connecticut the parties worked out the property settlement which later became incorporated into the divorce decree. The settlement agreement was procured with the aid of the wife's Connecticut attorney. Presumably the wife has enjoyed and perhaps dissipated the benefits of the settlement since the judgment.
The wife suggests that at the time the complaint was filed the husband was a resident of Connecticut. She testified that the parties moved back to Connecticut because the husband had gotten his old job back.
The husband testified that he never moved his residency to Connecticut. He stated that he kept his residence in Mobile because he was negotiating employment with a Mobile firm at that time. He testified that he considered Mobile to be his home until he moved to New York in May 1989 following the demise of the employment negotiations.
We find substantial evidence in the record to support the trial courts' determination that the husband was domiciled in Alabama. Although the evidence is in dispute, the trial court's judgment is supported by the record and carries the presumption of correctness.
Although not necessary to the disposition of this case, we point out that this case might have been determined under authority of Levine v. Levine, 262 Ala. 491, 80 So.2d 235
(1955), and Reiss v. Reiss, *Page 1370 46 Ala. App. 422, 243 So.2d 507 (Ala.Civ.App. 1970). These cases refused to declare divorce judgments void for lack of jurisdiction on the grounds of estoppel and the equitable maxim of "one that comes into equity must come with clean hands."Levine should be of interest to younger members of the Bar because it originated in the days of so-called "quickie" divorces, which were renowned in the 1950's.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.