YATES, Judge.
Gail Marie Owens (mother) appeals from the trial court’s denial of her motion to set aside a default judgment. Based on applicable case law and Rule 55(c), Alabama Rules of CM Procedure, we reverse the trial court’s judgment.
The parties were divorced in August 1989, after entering into a separation agreement wherein the mother was awarded custody of the parties’ two minor children and the father was awarded reasonable visitation. On April 17,1992, the father filed a “Petition for Modification of Custody,” which was served upon the mother on May 13, 1992. The mother failed to answer and on June 23, 1990, the trial court entered a default judgment modifying the original divorce judgment, changing custody to the father. The mother’s motion to set aside the default judgment was denied and she appealed.
On appeal, the mother contends that the trial court erred by refusing to set aside the default judgment. Rule 55(c), A.R.Civ. P., states as follows:
“In its discretion, the court may set aside an entry of default at any time before judgment.... The court may also set aside a judgment by default on the motion of a party filed not later than 30 days after the entry of the judgment.”
The father’s petition to modify was presented to the trial court on the basis of pleadings, affidavits, and briefs. The only hearing was on the motion to set aside the default judgment, with counsel for the parties arguing this motion.
When the trial court considers evidence and arguments without benefit of a hearing, the appellate court may sit in judgment on the evidence. Craig Construction Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). In such a ease, the trial court’s decision is given no weight and the appellate court must review the case and make its own judgment from the evidence presented. Hurt v. Given, 445 So.2d 549 (Ala.1983). Therefore, the well-known ore tenus rule of review does not apply and we may, as the trial court did, review this case on the evidence presented. Id.
The mother states in her brief that she “plainly admits” having been served with a copy of the petition but “that she did not understand the significance of delaying beyond the thirty-day period for filing an Answer and did not understand the consequences of such a delay.” While the parties stipulate the mother suffers from a psychiatric or mental disorder and has encountered financial difficulties, there is no evidence presented that her mental condition was the cause of her failure to answer the petition.
Both parties refer us to Kirtland v. Fort Morgan Authority Sewer Service, 524 So.2d 600, 604 (Ala.1988), in support of their positions, wherein the Supreme Court stated “[w]e have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment.” The court further states “that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.” Id. at 605.
Kirtland sets out a three-part test to be considered by the trial court before setting aside a default judgment. The court should consider (1) whether the defendant has a meritorious defense, (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defendant’s own culpable conduct. Id.
To establish a meritorious defense, the mother need not prove that she would prevail at trial on the merits, but only that she is in a position to present a plausible defense. Id. “The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a ‘plausible defense.’ ” Id. at 606. The mother, in support of her request that the default *642 judgment be set aside, stated by affidavit in pertinent part as follows:
“I would present evidence showing that my hospitalization in the Psychiatric Unit at Huntsville Hospital occurred in 1986, approximately 3 years prior to the Decree of Divorce of August 23, 1989. I have at no time been hospitalized for psychiatric problems since the Decree of Divorce of August 23, 1989 and have not threatened to kill myself or my children.
“I would further present evidence showing that the [father’s] home is not as stable, wholesome, and structured as [the father] would have the Court believe.... [T]hat my natural son and [the father’s] adopted son, namely J.L.O., has been allowed to go unsupervised to the home of a relative where alcohol is regularly consumed and where J.L.O. has been allowed to consume alcohol in significant quantities. I have personal knowledge that my son, J.L.O., has been classified as a person with ‘addictive behavior’ and needs for his well-being guidance, structure, and limits, which the [father] does not adequately provide.”
Based on the mother’s motion and affidavit, and taking into consideration the evidence she is prepared to present concerning her son, J.L.O., it is conceivable that a trial on the merits would change the outcome of the case. This court is of the opinion that the mother must be given that opportunity in a case of this magnitude, especially since this case concerns the welfare and best interests of not only J.L.O. but both of the minor children.
We next consider the second test set out in Kirtland. The mother claims the father ■will not be unfairly prejudiced if the default judgment is set aside. While we recognize that the children in this case may “remain in a state of uncertainty pending the resolution of this matter”, as stated in the father’s brief, the test is whether the “plaintiff’ (i.e., non-defaulting party or father) will be prejudiced. Kirtland, 524 So.2d 600. The father argues “that he has been deprived of the speedy adjudication of his right to finally gain the custody of his children.” However, “delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will ‘result in the loss of evidence, create increased difficulties of discovery, or provide greater opportu nity for fraud and collusion.’” (Citations omitted.) Davis v. Musler, 713 F.2d 907, 916 (2d Cir.1983) (cited with approval in Kirtland, 524 So.2d at 607). Here, the father admits that evidence has not been destroyed and that witnesses are still available. Therefore, we find that the second test has been met.
Finally, in determining whether the default judgment was a result of the mother’s own culpable conduct, we note that the court in Kirtland states that the three-part test should not become burdensome on the trial court’s discretion. The trial judge is the person in the best position to balance the equities of the case and to evaluate the parties and is most familiar with the facts and circumstances surrounding the case. Kirt-land.
In the present case, the trial court’s order of August 31, 1992, stated, “The defendant’s attorney further argues that the defendant was fully aware of her right to file an answer pro se in this proceeding, but that she made a conscious choice not to file any such answer because ‘she was afraid of messing things up.’ ” We have little evidence that allows us to determine that the mother’s conduct was culpable. The fact that she knew she could respond and did not attempt to do so with her children’s custody at stake, however, may show culpability or at least unreasonableness on her part. Nevertheless, we do not find this alone to be enough to deny the mother a trial on the merits.
Considering the three-part test set out in Kirtland and the allegations concerning the minor son, this court reverses the trial court’s judgment and remands with instructions for the trial court to set this case for a hearing on the merits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.