RICHARD L. HOLMES, Retired Appellate Judge.
Latinya Williams (wife) and Durwyn Williams, Sr. (husband), were married in December 1984. Two sons were born of the marriage — one in February 1985, and one in July 1987.
In June 1994 the husband filed a complaint for divorce and requested custody of the parties’ minor children. The wife filed an answer and a counterclaim for divorce, requesting that custody of the parties’ minor children be awarded to her.
The trial court heard the matter on September 22, 1994. The trial court made its ruling from the bench and directed the wife’s attorney to draft the judgment of divorce to reflect the bench ruling. The husband filed a post-judgment motion, requesting that, in view of the evidence presented at trial, custody of the parties’ minor children be awarded to the husband. The trial court held a hearing and denied the husband’s motion by order dated December 13,1994.
On March 14, 1995, the husband filed a motion to enforce bench notes, alleging that the wife’s attorney had failed to submit the judgment for divorce to the court for execution, as directed by the September 22, 1994, order. The husband’s attorney prepared the judgment of divorce, and the trial court executed the judgment of divorce on March 15, *1344 1995. In the judgment of divorce the wife was awarded custody of the parties’ minor children, with visitation rights vested in the husband.
On March 22, 1995, the husband filed a motion for contempt, alleging that the wife had failed, or refused, to abide by the trial court’s ruling regarding the husband’s rights of visitation.
On July 5, 1995, the husband amended his motion for contempt to include a motion to modify custody. The husband alleged that a material change of circumstances sufficient to warrant a change of custody had occurred, and he requested that the trial court award custody of the parties’ minor children to him. The husband’s motion alleged, in particular, that “the [wife] has, among other things, neglected the minor children and failed to provide for their physical, emotional, and educational needs.”
The trial court heard the matter on July 24, 1995, and issued an order on July 26, 1995. The order noted that the wife failed to appear in court on July 24, 1995. The July 26, 1995, order awarded custody of the parties’ minor children to the husband, with visitation rights vested in the wife.
On August 7, 1995, the wife filed a motion to set aside the July 26, 1995, order. In her motion to set aside, the wife alleged that she did not appear at the July 24, 1995, hearing because she was not given notice of the hearing by the attorney who was representing her at the time. The wife further alleged that there had not been a substantial change in circumstances that would necessitate a change of custody.
After an August 22,1995, hearing, the trial court denied the motion to set aside.
The wife appeals, contending that the trial court abused its discretion when it denied her motion to set aside the July 26, 1995, order. In view of the totality of the circumstances, and for the reasons discussed below, we agree.
Initially, we would note that the present case is a custody case and directly impacts the fives of two minor children and then-parents. The wife was not present at the hearing on the motion to change custody because, she says, she was never notified of the hearing date. Our conclusions might be totally different if the subject matter of the ease involved the default on a note or a breach of contract, rather than the custody of two minor children.
Additionally, we would note that while the record on appeal contains a transcript of the August 22, 1995, hearing, it does not contain a transcript of the July 24, 1995, hearing. Consequently, there is nothing in the record to indicate why custody was changed from the wife to the husband in a period of less than one year after custody was awarded to the wife in the divorce proceeding.
The attorney who represented the wife at the time of the July 24, 1995, hearing testified at the hearing on the wife’s motion to set aside. He stated that he was present at the July 24,1995, hearing and that when the wife failed to appear at the hearing, he requested permission to withdraw from the case. The trial court granted the request of the wife’s attorney, appointed a guardian ad litem to represent the children’s interests, and proceeded with the hearing, without the presence of either the wife or any legal counsel appearing on her behalf.
We would further note that after the wife received the July 26, 1995, order, which awarded custody of the parties’ minor children to the husband, she obtained new legal counsel. Additionally, the wife filed her motion to set aside the July 26, 1995, order on August 7,1995, which was well within the 30-day period from the date of the order. Once again, we would emphasize that our conclusions might be different if the wife had filed her motion to set aside more than 30 days after the date of the order changing custody.
The wife’s motion to set aside the July 26, 1995, order was essentially a motion under Rule 55(c), Ala.R.Civ.P. As our supreme court stated in Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 140 (Ala.1990):
“[A] trial judge, in exercising his discretion under Rule 55(c), must begin with the presumption that a litigant has a paramount right to defend on the merits and that, *1345 therefore, cases should be resolved on the merits whenever practicable.”
In view of the totality of the circumstances, we find that the trial court should have granted the wife’s motion to set aside the July 26, 1995, order, which would have allowed the wife to “have her day in court” to answer the husband’s allegations that a material change of circumstances existed which necessitated a change of custody.
The judgment of the trial court is due to be reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The husband requests attorney fees on appeal. This request is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P. J., and YATES and CRAWLEY, JJ., concur.