Justina B. Fuller ("the wife") appeals from the trial court's denial of her motion to set aside a default judgment after failing to answer a divorce complaint filed by Christopher Michael Fuller ("the husband").
On November 28, 2006, the husband sued the wife for a divorce and for, among other things, custody of the parties' two minor children. The wife did not file an answer or otherwise respond. On January 24, 2007, the husband moved for a default judgment, and the trial court entered the wife's default on January 29, 2007. That same day, a copy of the entry of default was mailed to the wife. On February 1, 2007, the trial court entered its judgment divorcing the parties and, among other things, awarding "full-time" custody to the *Page 287 
husband. Also on February 1, 2007, but after the entry of the judgment, the wife telephoned the trial court to inquire regarding the entry of default and the status of the divorce action. The wife also retained counsel to whom the trial court faxed a copy of the judgment on February 8, 2007. On February 23, 2007, the wife filed her motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P. On April 6, 2007, the trial court held a hearing on the wife's motion. On April 9, 2007, the trial court denied the wife's motion to set aside the default judgment. On May 2, 2007, the wife timely appealed.[1]
On appeal the wife argues that the trial court erred 1) by denying her motion to set aside the default judgment, 2) by not affirmatively indicating that the Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), factors were considered in its order, and 3) by failing to set aside the default judgment as being void because of insufficient service of process pursuant to Rule 4(e) of the Alabama Rules of Civil Procedure. We reverse the trial court's judgment and remand the cause to the trial court on the basis that, pursuant to an analysis applying the Kirtland factors, the trial court exceeded its discretion by denying the wife's motion to set aside the default judgment.
The wife argues that she was not properly served with process pursuant to Rule 4, Ala. R. Civ. P. Because this issue implicates the trial court's jurisdiction, it is a threshold issue on appeal. See Gaudin v. Collateral Agency, Inc.,624 So.2d 631 (Ala.Civ.App. 1993). The wife contends that because the certified-mail receipt reflecting attempted service was marked "unclaimed refused," service by ordinary mail pursuant to Rule 4(e) was not proper. In support of this proposition, the wife cites John H. Peterson, Sr., Enterprises, Inc. v.Chaney, 486 So.2d 1307, 1309 (Ala.Civ.App. 1986) (holding that a default judgment was void when the return of attempted service by certified mail stated that it was "unclaimed" rather than "refused"). However, in Corcoran v. Corcoran,353 So.2d 805, 807 (Ala.Civ.App. 1978), this court determined that service pursuant to Rule 4(e) was proper because, among other things, "[t]he petition and summons was returned unclaimeddue to the appellee-husband's refusal to accept the certifiedmail." Corcoran, 353 So.2d at 808 (emphasis added).Chaney, supra, on which the wife relies, is distinguishable from Corcoran and from the instant case.
In the absence of specific findings of fact, an appellate court will presume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Baker v. Baker, 862 So.2d 659, 662
(Ala.Civ.App. 2003). Because the trial court did not make a specific finding that the wife had refused service but, nonetheless, denied her motion to set aside the default judgment, we presume that the trial court found that the wife had refused service.
A court specialist from the trial court clerk's office testified regarding service of process. Initially, service on the wife was attempted via certified mail. The certified mail was returned, and the return receipt was marked "unclaimed refused." On December 12, 2006, the summons and complaint were sent to the wife's address via ordinary mail pursuant to Rule 4(e); they *Page 288 
were not returned. Moreover, the wife confirmed that nothing delivered to her via ordinary mail had been returned.
The wife testified regarding service of process, stating that she had not received the summons and complaint. The wife's testimony revealed that the summons and complaint that had been sent via certified mail, and which had later been returned as "unclaimed refused," had been addressed to her correct address. The wife admitted that she had checked the mail regularly and stated that she did not know of any reason why she would not have received an item mailed to her address. Although the wife testified that she had not received the summons and complaint, the case-action summary shows that the wife received items from the trial court clerk via ordinary mail. Indeed, the wife telephoned the trial court in response to her receipt of that mail. There is evidence of record from which the trial court could have drawn the reasonable inference that the wife refused to accept service and that the notation "unclaimed refused" was due to her refusal; therefore, the trial court did not err with regard to this issue. See Corcoran v. Corcoran, supra.
In Sampson v. Cansler, 726 So.2d 632 (Ala. 1998), our supreme court reversed a trial court's judgment denying a motion to set aside a default judgment. The supreme court stated:
 "In Kirtland v. Fort Morgan Auth. Sewer. Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that a trial court has broad discretion in determining whether to grant or deny a defendant's motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
 "Under Kirtland the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. . . . Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland 524 So.2d at 605."
Id. at 633. An analysis under the Kirtland
factors is one requiring a balancing approach that weighs the factors against one another. Sumlin v. Sumlin,931 So.2d 40, 45 (Ala.Civ.App. 2005). Also, all three factors must be considered, but there is no requirement that all three factors be resolved in favor of the movant in order to set aside a default judgment. Id.
In Sumlin, this court reversed a trial court's judgment denying a motion to set aside a default judgment on the basis that the trial court had exceeded its discretion. In that case, this court discussed the two-prong Kirtland analysis, stating:
 "The first of the two steps is that the trial court should presume that cases' should be decided on the merits whenever practicable.' Kirtland, 524 So.2d at 604. The two-step process begins with this presumption because `the interest in preserving a litigant's right to trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy.' 524 So.2d at 604. It is against this presumption and its recognition of the paramount nature of a litigant's right to defend on the merits that this court should interpret and apply the second step in the Kirtland analysis. *Page 289 
 Indeed, we can envision no species of case in which the `strong bias' in favor of reaching the merits, see Kirtland, 524 So.2d at 605, could be any stronger than in a case such as this involving custody of a minor child. See generally, e.g., Davis v. Davis, 743 So.2d 486, 487
(Ala.Civ.App. 1999) (quoting Fesmire v. Fesmire, 738 So.2d 1284, 1287
(Ala.Civ.App. 1999), quoting in turn other cases that establish a courts `"`"duty to guard and protect the interest of its infant wards with scrupulous care"'"')."
Id. at 44. The strong bias in favor of deciding cases upon the merits identified by the Kirtland court is particularly strong in domestic-relations cases. Surnlin v.Sumlin, supra; DeQuesada v. DeQuesada,698 So.2d 1096 (Ala.Civ.App. 1996); and Evans v. Evans,441 So.2d 948, 950 (Ala.Civ.App. 1983); see also Buster v. Buster,946 So.2d 474, 478 (Ala.Civ.App. 2006).
With the particularly strong bias and presumption in favor of reaching the merits in child-custody cases in mind, and based upon our review of the record, we hold that the trial court exceeded its discretion when it denied the wife's motion to set aside the default judgment.
The Kirtland court provided guidance for analyzing what constitutes a meritorious defense, the first Kirtland
factor, stating:
 "Although the showing of a meritorious defense is a necessary and practical requirement, the quantum of evidence needed to show a meritorious defense has caused some controversy. For this reason, we now establish a standard that will be both workable and consistent with our policy objectives. The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury."
524 So.2d at 606.
In her motion to set aside the default judgment, the wife alleged, among other things, that the husband had not been an Alabama resident for more than six months. Also in support of her motion to set aside the default judgment, the wife attached exhibits showing that the husband had renewed his Mississippi driver's license and vehicle tag. The husband admitted that he had renewed his vehicle tag and driver's license in Mississippi and that he had claimed to be a Mississippi resident in order to do so. The husband admitted that he had maintained a Mississippi driver's license since 2001 and had only applied for and received his Alabama driver's license in November 2006, just days before filing this action. The husband further admitted that from January 2006 until November 2006 he had stayed in Alabama for at least 15 days, but he was not sure if he had stayed in Alabama more than 20 days during that period.
Both the wife and her mother testified that the husband and the wife had lived in Mississippi at the mother's residence until August 2006. It is undisputed that the wife is a resident of Mississippi.
Section 30-2-5, Ala. Code 1975, discusses the residency requirements for a plaintiff in a divorce action when the defendant *Page 290 
is a nonresident of Alabama and states:
 "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved."
If the residency requirements are not met, then a trial court does not have jurisdiction over the marital res and any judgment entered is void. Seymour v. Seymour, 597 So.2d 1368
(Ala.Civ.App. 1992); Chavis v. Chavis, 394 So.2d 54
(Ala.Civ.App. 1981). For the purposes of § 30-2-5, residence is the same thing as domicile. Seymour v. Seymour, supra. "Domicile is defined as residence at a particular place accompanied by an intention to stay there permanently, or for an indefinite length of time." Nora v. Nora, 494 So.2d 16,17 (Ala. 1986). A person's domicile continues until a new one is acquired. Id. Furthermore:
 "Change of domicile consists of an act and an intention, physical presence in the new domicile and the requisite intent to remain there for an indefinite length of time. The fact that a person lives at a particular place creates a prima facie presumption that such place is his domicile. The presumption is rebuttable by facts to the contrary. In re Toner, 39 Ala. 454 [(1864)]; Hightower v. Ogletree, 114 Ala. 94, 21 So. 934 [(1897)]; Lucky v. Roberts, 211 Ala. 578, 100 So. 878
[(1924)]. In determining whether or not there has been a change in domicile the intention of the person whose domicile is in question is usually the controlling consideration. Ex parte State ex rel. Altman, 237 Ala. 642, 188 So. 685 [(1939)]; Murphy v. Hunt, Miller Co., 75 Ala. 438 [(1883)]."
Id. at 18.
In Nora v. Nora, supra, the trial court concluded that a party had not expressed a sufficient intent to change his domicile from Louisiana to Alabama. The party's failure to obtain an Alabama driver's license was considered as evidence of the party's intent not to remain in Alabama permanently or for an indefinite length of time. Id.
Here the wife has presented evidence "of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case."Kirtland, 524 So.2d at 606. There was evidence to show that the husband, the plaintiff in the trial court, was not a resident of the state of Alabama for six months immediately preceding the filing of his complaint on November 28, 2006. It is undisputed that the wife is a Mississippi resident. That neither party was an Alabama resident when the complaint was filed would constitute a complete defense to the action and render the default judgment void. See Seymour v.Seymour, supra. We conclude that the wife has made a showing of a meritorious defense pursuant to ourKirtland analysis, and we conclude that the firstKirtland factor weighs in favor of the wife.
Unfair prejudice to the nonmovant, the second Kirtland
factor, must be substantial; mere delay or increased costs are not sufficient to justify a refusal to set aside a default judgment. Kirtland, 524 So.2d at 607. "[A] failure to demonstrate that one or both of the second and thirdKirtland factors supports the granting of relief from a default judgment is not necessarily fatal to a motion for such relief." Sumlin v. Sumlin, 931 So.2d at 48. Additionally, this court has considered the promptness of the defaulting party's response with regard to the secondKirtland factor. Id.; DeQuesada v. DeQuesada,698 So.2d at 1099 ("the record does reveal *Page 291 
that [the husband] promptly took action by moving to have [the default judgment] set aside" 14 days after default judgment was entered); see also Buster v. Buster, supra.
In the instant case, the wife filed her motion to set aside the default judgment on February 23, 2007, 22 days after the entry of the judgment. However, the record indicates that, before filing that motion, the wife had telephoned the trial court on February 1, 2007, the day the judgment of divorce was entered. The case-action summary states:
 "Mailed final judgment of divorce to C-001-attorney to Defendan[t]. Defendan[t] called office and I (Tina) spoke with her. She said she had received the Default Judgment entered by court. She ask[ed] about the divorce, I told her the Judge[] had just signed the final decree. She ask[ed] me to read it to her. I did and she got really upset with me. I told [the] Defendan[t] what we had sent to her. I told her I was sending her a copy of the final judgment of divorce. She called again. I told her the same thing."
The case-action summary further shows that on February 8, 2007, the court faxed to the attorney for the wife a copy of the final judgment. Furthermore, there is nothing of record to suggest that the husband will be prejudiced as a result of having to litigate the matter upon the merits.
Although the husband argues that he will be unfairly prejudiced, he cites no authority in support of that proposition. Regardless, in Sumlin, supra, this court stated that when "[t]he meritorious-defense factor weighed in favor of such relief [i.e., setting aside a default judgment] and there is at least a genuine issue as to whether the culpable-conduct factor did also," it was not appropriate to deny relief in a case in which child custody was at stake and in which "the defaulting party promptly moved so promptly for relief." 931 So.2d at 49. Based upon the wife's prompt response and the fact that there is no evidence of record indicating that the husband will be substantially prejudiced, we conclude that the secondKirtland factor weighs in favor of the wife.
The third Kirtland factor to be considered is the defaulting party's culpable conduct. The Kirtland court discussed culpable conduct, stating:
 "Conduct committed [willfully] or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness."
Kirtland, 524 So.2d at 607-08 (citations omitted). TheKirtland court went on to explain: "However, a defaulting party's reasonable explanation for inaction and non compliance may preclude a finding of culpability. See [Exparte] Illinois Central Gulf [R.R.,514 So.2d 1283] at 1288 [(Ala. 1987)]; see also Annot, 29 A.L.R. Fed 7, § 5." Id. at 608.
The implicit finding that the wife refused service of process is sustainable on the record, as discussed above. However, we note that, pursuant to our Kirtland analysis, the wife advanced the reasonable explanation that she had not received service of process, had not refused service of process, and had acted promptly in seeking relief from the default judgment. In Fries Correctional Equipment, Inc. v. Con-Tech, Inc.,559 So.2d 557 (Ala. 1990), our supreme court applied aKirtland analysis to reverse a trial court's judgment denying a motion to set aside a default *Page 292 
judgment. In Con-Tech, Inc., the supreme court acknowledged that there was a finding of refusal to accept service, but it noted that, because the claims were so much in dispute, the movant's "avoidance of service might be grounds for imposition of costs or other sanctions, but should not be grounds for a refusal to set aside such a large default judgment." 559 So.2d at 563.
In balancing the Kirtland factors against the backdrop of a strong presumption that cases should be decided on the merits, especially cases involving child custody, and in balancing the equities, we conclude that the first twoKirtland factors weigh in favor of the wife. Furthermore, the strong presumption that cases should be decided on the merits recognized by the Kirtland court is especially strong in domestic-relations cases involving child custody. Sumlin v. Sumlin, supra; DeQuesada v.DeQuesada, supra. Accordingly, we hold that the trial court erred in denying the wife's motion to set aside the default judgment. Therefore, the judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] Although the wife's notice of appeal indicates that she is appealing the April 6, 2007, order, there is no order entered on that date. However, it is clear from the record and the arguments of the parties on appeal that the appeal is actually from the April 9, 2007, order.