THOMAS, Judge,
concurring specially.
I agree that the circuit court had jurisdiction to entertain the petition for modification of custody filed by John Alexander Winford (“the father”) despite the pen-dency of dependency petitions in the juvenile court, and I agree that the circuit court erred in holding the default-judgment hearing after Amy Miller Winford (“the mother”) had filed her answer to the father’s petition. I write specially to point out that this court has historically viewed the failure to set aside a default judgment in a domestic-relations case as reversible error.
Our supreme court has explained that a court reviewing whether to set aside a default judgment must begin with “a strong bias toward allowing the defendant to have his [or her] day in court,” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 605 (Ala.1988). As this court has stated, “[t]he strong bias in favor of deciding cases upon the merits identified by the Kirtland court is particularly strong in domestic-relations cases.” Fuller v. Fuller, 991 So.2d 285, 289 (Ala.Civ.App.2008); see also Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala.Civ.App.2005) (“[W]e can envision no species of case in which the ‘strong bias’ in favor of reaching the merits ... could be any stronger than in a case such as this involving custody of a minor child.”); and Evans v. Evans, 441 So.2d 948, 950 (Ala.Civ.App.1983) (stating that, “especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody ... will be summarily resolved”). Thus, I further conclude that the circuit court erred in allowing the mother’s Rule 55(c), Ala. R. Civ. P., motion to set aside the default judgment to be denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.