MOORE, Judge.
De’Arby Harkey (“the wife”) appeals from a default divorce judgment entered by the Madison Circuit Court (“the trial court”) in favor of Lundon Harkey (“the husband”); specifically, the wife asserts thát the trial court erred in denying her postjudgment motion to set aside the judgment. We reverse.

Background

On December 19, 2013, the husband filed a complaint in the trial court seeking a divorce from the wife, custody of the parties’ two minor children born in February 2007 and January 2009, respectively, and child support. According to a completed return-of-service form, the complaint was personally served on the wife on December 20, 2013. After the wife did not file an answer, the trial court sent an order, dated February 25, 2014, notifying the parties that a default judgment could be entered within 30 days. On March 18, 2014, the husband applied for the entry of default, which the clerk of the trial court granted on March 20, 2014. On March 24, 2014, the trial court entered a default judgment awarding the husband custody of the children and ordering the wife to pay $347 per month in child support.
On March 31, 2014, the wife, acting pro se, moved to set aside the default judgment. She asserted that she had not been served, that she had not received any “paperwork” regarding the case, that she had not been notified of any court dates, and *127 that she intended to retain an attorney in order to gain custody of the children “because [the husband] has no job and he sell crack and I feel the safety of my children to be in his physical care [sic].” The trial court denied the motion on April 1, 2014. On April 18, 2014, an attorney representing the wife filed a second motion to set aside the default judgment, asserting as grounds that the wife, as a pro se litigant, had not understood the legal process, that she was the primary caretaker of the parties’ children, that she could support the children while the husband could not, that the husband used drugs and could not provide a safe and suitable home for the children, that it was in the best interests of the children for the wife to be their custodian, and that the parties needed their marital property to be divided by court order. The trial court denied that motion on April 21, 2014. The wife timely appealed on May 8, 2014.[1]

Analysis

On appeal, the wife argues that the trial court exceeded its discretion in refusing to set aside the default judgment. Because the wife filed her postjudgment motions to set aside the default judgment within 30 days of the entry of the default judgment, we treat those motions as having been filed under Rule 55(c), Ala. R. Civ. P. See Williams v. Williams, 676 So.2d 1343 (Ala.Civ.App.1996). Rule 55(c) provides:
“In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.”
The language of Rule 55(c) vests a trial court with discretion to set aside a default judgment. In exercising that discretion, “a trial judge should start with the presumption that cases should be decided on the merits whenever practicable.” Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). The presumption in favor of deciding cases on their merits applies most cogently in cases involving child custody because of the judicial duty to scrupulously protect the best interests of children. See Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala.Civ.App.2005). Our caselaw since Kirtland was decided has emphasized that the sensitive matter of child custody should, in the absence of extraordinary circumstances, be decided based on a thorough investigation of the best interests of the child. See Sumlin, supra; and Owens v. Owens, 626 So.2d 640 (Ala.Civ.App.1993).
The second prong of the Kirtland analysis entails the consideration of three factors: “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” Kirt-land, 524 So.2d at 605. From our review of the record, it appears that the wife presented a meritorious defense by assert *128 ing that the husband was not a suitable person to have custody of the children, that she was the children’s primary caretaker, and that it would serve the children’s best interests for her to remain as their custodian. See Loupe v. Loupe, 594 So.2d 155, 156 (Ala.Civ.App.1992) (holding that the first factor of Kirtland had been met because the father had “alleged that he [was] the fit and proper person to be awarded custody of the children” and “[i]t [was] foreseeable that the father could produce evidence on th[ose] points that could change the outcome of the trial court’s judgment”). It also seems that no undue prejudice would befall the husband by setting aside the default judgment be-' cause the wife filed her first motion to set aside the default judgment only a week after its entry, so the evidence material to the divorce should still be available. See Owens, 626 So .2d at 642. Finally, the trial court may have determined that the wife consciously or unreasonably failed to answer the complaint and participate in the litigation, but that circumstance alone has been deemed insufficient to deny a motion to set aside a default judgment in a child-custody case. Id.
It appears to this court that the strong presumption in favor of deciding child-custody cases on the merits has not been overcome in this case. We recognize that, ordinarily, “[t]he trial judge is the person in the best position to balance the equities of the case and to evaluate the parties and is most familiar with the facts and circumstances surrounding the case.” Owens, 626 So.2d at 642. However, in this case, the trial judge did not hold a hearing on the wife’s postjudgment motions, and its orders denying those motions did not contain any analysis of the Kirtland factors.
“In White v. Westmoreland, 680 So.2d 348, 849 (Ala.Civ.App.1996), this court held that when the record does not demonstrate that the trial court considered each of the three Kirtland factors, the judgment must be reversed and the cause remanded for such a determination.”
R.D.J. v. A.P.J., 142 So.3d 662, 667 (Ala.Civ.App.2013). Although the record, on its face, warrants reversal of the default judgment, in order to assure that we do not usurp the trial court’s role, we reverse the trial court’s April 1, 2014, and April 21, 2104, orders denying the wife’s motion to set aside the default judgment and remand the case for the trial court to undertake the Kirtland analysis and to enter an order containing findings as to all three Kirt-land factors.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, [THOMAS, and DONALDSON, JJ„ concur.

. A party may file a second postjudgment motion within 30 days of the entry of a final judgment if that motion requests relief on grounds different from or in addition to the grounds asserted in the first motion. See Roden v. Roden, 937 So.2d 83, 85 (Ala.Civ.App.2006). We conclude that the trial court properly considered the second postjudgment motion and that the time to appeal ran from the date of the denial of that motion. See id. However, we note that, even if we are incorrect, the appeal would still be considered timely if the appeal period ran from the date of the denial of the original postjudgment motion.