THOMPSON, Presiding Judge.
Vanessa Genise Wise ("the mother") appeals from a default judgment entered by the Dale Circuit Court ("the trial court") divorcing her from Bruce Edward Wise, Jr. ("the father"), dividing the parties' marital property, and awarding the father custody of the parties' three minor children ("the children") subject to the mother's visitation.
The record indicates the following. The father is in the United States Army. He and the mother married in Hawaii in October 2010. The parties' oldest child was born before the marriage; the younger two children were born during the course of the marriage. At some point, the father was stationed at Fort Rucker, and the family moved to Dale County. In October 2016, the mother and the children moved to Missouri and began living in a house the parties owned there.
On May 18, 2017, the father filed a complaint for a divorce in the trial court. He attempted to perfect service of the summons and complaint by certified mail, which was left unclaimed, and by personal service through a private process server and a law-enforcement agency in Missouri. Attempts to serve the mother were unsuccessful. Ultimately, on June 21, 2017, the father requested that he be permitted to serve the mother by first-class mail. The trial court granted the father's request on June 22, 2017, stating that, upon notification of the mailing of the summons and complaint being placed in the record, the mother would be deemed served. On June 23, 2017, the father notified the court that he had mailed the summons and complaint to the mother via the United States Postal Service.
The mother did not answer the complaint. On July 31, 2017, the father filed an application for an entry of default against the mother, and he filed an amended application on August 7, 2017. The trial judge signed an order titled "entry of default," finding the mother to be in default, on August 8, 2017. That same day, the trial court entered a default judgment divorcing the parties ("the divorce judgment"), stating that, in doing so, it relied on the complaint, the father's written testimony, and the default of the mother. In the judgment, among other things, the trial court awarded the father custody of the children subject to the mother's visitation.
On August 24, 2017, the mother filed an unverified motion seeking to set aside the divorce judgment and requesting an immediate *874 hearing. She filed an amended motion to set aside on August 31, 2017, in which she also claimed that the divorce action was due to be dismissed for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Ala. R. Civ. P. The amended motion, too, was unverified. No affidavits or other evidentiary submissions were attached to either of the motions to set aside. In the motions, the mother claimed that she never received notice of certified mail having been sent to her, and she denied that she had attempted to avoid service. She also said that she had a "pending" order of protection from a court in Missouri and that she had had a "no contact order" from the Department of the Army since April 2017.
Furthermore, in her amended motion to set aside the divorce judgment, the mother averred that she had always been the primary caregiver for the children and that it was in the best interests of the children for her to have primary physical custody of them. She also claimed that she was the "fit and proper person to continuously care for the children's needs."
The father filed an opposition to the mother's initial motion to set aside, saying that the mother's claim that she was unaware of the divorce proceeding was "doubtful."
An evidentiary hearing was held on the mother's amended motion on September 5, 2017. At the hearing, the mother testified that she and the children had moved to St. Louis, Missouri, in October 2016 because, she said, the father was "to go to Honduras on a tour which was cancelled." She said that the father had encouraged their move to Missouri.
The mother also testified that she had never been served with the divorce complaint. She said that she did not ignore people knocking on her door and that, to her knowledge, no deputy or private process server had ever come to her house. She also testified that she never received any notices for certified mail. She said that she believed that the father had had her mail in Missouri forwarded to him in Alabama. She also stated that she had never attempted to avoid service of the complaint.
On cross-examination, the father introduced evidence of two tracking receipts that indicated that notice of certified mail had been left at the correct address at the house where the mother lived in Missouri. The mother acknowledged that she received the divorce judgment at that address. A change-of-address form for the father, individually, requesting that his mail be forwarded from the house in Missouri to Fort Rucker was also submitted into evidence.
The mother also testified that she had called "the courts quite often," apparently regarding this matter. She said that she had asked the father's attorney to send information to her and to her attorney but that "I have emails stating he refused to send" any information. In response to a question from the trial judge, the mother said that she had been aware of the divorce proceeding when she telephoned the court seeking information about the action.
The mother attempted to testify regarding certain conduct of the father. The father's attorney objected to the testimony on the ground that it was not relevant to the mother's amended motion to set aside the divorce judgment, and the trial court sustained the objection.
After the hearing, the trial court entered an order denying the mother's amended motion to set aside the divorce judgment and to dismiss the divorce action pursuant to Rule 12(b), Ala. R. Civ. P. The mother timely appealed the judgment to this court.
*875 On appeal, the mother contends that the trial court abused its discretion in refusing to set aside the divorce judgment.
" 'A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988). In reviewing an appeal from a trial court's order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland.
" 'We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605.' "
" Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala. 2006)."
Brantley v. Glover, 84 So.3d 77, 80-81 (Ala. Civ. App. 2011) (emphasis added). All three factors set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), must be considered, but there is no requirement that all three must be resolved in favor of the movant for the default judgment to be set aside. Sumlin v. Sumlin, 931 So.2d 40, 45 (Ala. Civ. App. 2005).
Scrutiny of the granting or denial of default judgments is even greater in cases involving the custody of children. The strong bias in favor of deciding cases upon the merits identified by the Kirtland court is particularly strong in domestic-relations cases. Sumlin v. Sumlin, supra ; DeQuesada v. DeQuesada, 698 So.2d 1096 (Ala. Civ. App. 1996) ; and Evans v. Evans, 441 So.2d 948, 950 (Ala. Civ. App. 1983) ; see also Buster v. Buster, 946 So.2d 474, 478 (Ala. Civ. App. 2006).
This court has written that
"a particularly 'strong bias' exists for deciding domestic-relations cases on the merits. Buster v. Buster, 946 So.2d 474, 478 (Ala. Civ. App. 2006). As this court stated in DeQuesada [v. DeQuesada, 698 So.2d 1096 (Ala. Civ. App. 1996) ], ' "[w]e think that especially in the divorce context, a court should be particularly reluctant to uphold a default judgment (and thereby deprive a litigant of his day in court) because it means that such important issues as child custody, alimony, and division of property will be summarily resolved." ' 698 So.2d at 1099 (quoting Evans v. Evans, 441 So.2d 948, 950 (Ala. Civ. App. 1983) ).
"Furthermore, this court has previously stated that ' "we can envision no species of case in which the 'strong bias' in favor of reaching the merits ... could be any stronger than in a case such as *876 this involving custody of a minor child." ' Buster, 946 So.2d at 478 (quoting Sumlin v. Sumlin, 931 So.2d 40, 44 (Ala. Civ. App. 2005), quoting in turn Kirtland, 524 So.2d at 605 )."
Bates v. Bates, 194 So.3d 976, 978-79 (Ala. Civ. App. 2015).
After applying the presumption that a case should be tried on its merits whenever practicable, courts are to consider the second prong of the Kirtland analysis. The first of the Kirtland factors the trial court was required to consider was whether the mother had a meritorious defense. Kirtland, 524 So.2d at 605.
" ' "To present a meritorious defense, for Rule 55(c)[, Ala. R. Civ. P.,] purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense." ' B.E.H., Jr. v. State ex rel. M.E.C., 71 So.3d 689, 693 (Ala. Civ. App. 2011) (quoting Sampson v. Cansler, 726 So.2d 632, 634 (Ala. 1998) ). Moreover, the defense offered 'must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case.' Kirtland, 524 So.2d at 606."
Bates, 194 So.3d at 979.
The Kirtland court provided guidance for analyzing what constitutes a meritorious defense, writing:
"Although the showing of a meritorious defense is a necessary and practical requirement, the quantum of evidence needed to show a meritorious defense has caused some controversy. For this reason, we now establish a standard that will be both workable and consistent with our policy objectives. The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury."
Kirtland, 524 So.2d at 606.
In Harkey v. Harkey, 166 So.3d 126, 127-28 (Ala. Civ. App. 2014), this court considered what constituted a meritorious defense in a domestic-relations context, stating:
"From our review of the record, it appears that the wife presented a meritorious defense by asserting that the husband was not a suitable person to have custody of the children, that she was the children's primary caretaker, and that it would serve the children's best interests for her to remain as their custodian. See Loupe v. Loupe, 594 So.2d 155, 156 (Ala. Civ. App. 1992) (holding that the first factor of Kirtland had been met because the father had 'alleged that he [was] the fit and proper person to be awarded custody of the children' and '[i]t [was] foreseeable that the father could produce evidence on th[ose] points that could change the outcome of the trial court's judgment')."
In this case, in her amended motion to set aside the divorce judgment, the mother averred that she was the children's primary caregiver, that she was the "fit and proper person to continuously care for the children's needs," and that it was in the children's best interests for her to have *877 primary physical custody of the them. She also stated that she had an order of protection "pending" against the father in Missouri and a "no contact order" issued to the father from the Department of the Army. Admittedly, the mother did not submit a supporting affidavit or other documentary evidence with her motions to set aside the divorce judgment. However, at the hearing on the amended motion, the mother's testimony regarding the reason for her move to Missouri, i.e., that the father had orders to report to serve in Honduras, conflicted with the father's contention that the mother had "absconded with the children" to Missouri without telling him.
At the hearing, the mother also attempted to testify to the father's alleged domestic violence and threatening behavior, saying that she had called police when the father attempted to kick in the door to the house where she was living with the children in Missouri. As mentioned, the father objected to this line of testimony, claiming that it was not relevant. The trial court sustained the father's objections.
Based on our review of the record, the mother's averments in the amended motion to set aside the divorce judgment and the testimony she was able to present at the hearing demonstrate that it was foreseeable that the mother could present evidence at trial that could change the outcome of the judgment, especially as it regards the custody of the children. Accordingly, we conclude that the mother successfully demonstrated that she had a meritorious defense.
Our review of the record indicates that the mother presented little to no evidence regarding whether the father will be unfairly prejudiced if the divorce judgment is set aside. As to this factor, however, we note that
" 'delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." ' (Citations omitted.) Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (cited with approval in Kirtland, 524 So.2d at 607 )."
Owens v. Owens, 626 So.2d 640, 642 (Ala. Civ. App. 1993). Because the mother filed her initial motion to set aside slightly more than two weeks after the "entry of default" and the divorce judgment were entered, it is unlikely that the father would suffer undue prejudice of the type contemplated in Kirtland. See Harkey, 166 So.3d at 128 (noting that it seemed that no undue prejudice would befall the husband by setting aside the default judgment because the wife had filed her first motion to set aside the default judgment only a week after its entry, so the evidence material to the divorce should still have been available).
Finally, as to whether the divorce judgment was entered as a result of the mother's culpable conduct, the mother testified at the hearing that she did not attempt to avoid service. Thus, she argues, she was not guilty of any culpable conduct warranting the denial of her amended motion to set aside the divorce judgment.
"Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness."
Kirtland, 524 So.2d at 607-08 (citations omitted). The Kirtland court went on to explain: "However, a defaulting party's reasonable explanation for inaction and *878 non compliance may preclude a finding of culpability. See [ Ex parte] Illinois Central Gulf [R.R., 514 So.2d 1283] at 1288 [ (Ala. 1987) ]; see, also, Annot., 29 A.L.R. Fed 7, § 5." Id. at 608.
In Fuller v. Fuller, 991 So.2d 285 (Ala. Civ. App. 2008), this court held that the trial court had abused its discretion when it denied the wife's motion to set aside the default judgment that had been entered in that case. The facts in Fuller are similar to those in this case. The husband filed a complaint for a divorce and sought custody of the parties' children. When the wife did not respond to the complaint, the husband moved for a default judgment. The trial court entered a default against the wife, then entered a default judgment divorcing the parties and awarding the husband "full-time" custody of their children. Id. at 286-87.
The wife, who was a resident of Mississippi, filed a motion to set aside the default judgment, claiming that she never received service of the complaint. The trial court denied the wife's motion. Id. at 286-87. This court reversed the trial court's refusal to set aside the default judgment. In discussing the issue of the wife's culpable conduct, we wrote:
"The implicit finding that the wife refused service of process is sustainable on the record, as discussed above. However, we note that, pursuant to our Kirtland analysis, the wife advanced the reasonable explanation that she had not received service of process, had not refused service of process, and had acted promptly in seeking relief from the default judgment. In Fries Correctional Equipment, Inc. v. Con-Tech, Inc., 559 So.2d 557 (Ala. 1990), our supreme court applied a Kirtland analysis to reverse a trial court's judgment denying a motion to set aside a default judgment. In Con-Tech, Inc., the supreme court acknowledged that there was a finding of refusal to accept service, but it noted that, because the claims were so much in dispute, the movant's 'avoidance of service might be grounds for imposition of costs or other sanctions, but should not be grounds for a refusal to set aside such a large default judgment.' 559 So.2d at 563."
991 So.2d at 291-92. See also Harkey, 166 So.3d at 128 ("[T]he trial court may have determined that the wife consciously or unreasonably failed to answer the complaint and participate in the litigation, but that circumstance alone has been deemed insufficient to deny a motion to set aside a default judgment in a child-custody case.").
In this case, the trial court did not set forth findings of fact in its order denying the mother's amended motion to set aside the divorce judgment. However, as Fuller and Harkey both indicate, even if the trial court had found that the wife intentionally avoided service, as the father claims, the mother has disputed the father's assertion, and her " 'avoidance of service might be grounds for imposition of costs or other sanctions, but should not be grounds for a refusal to set aside' " a default judgment when the custody of the parties' children is at stake. Fuller, 991 So.2d at 292 ; see also Sumlin, 931 So.2d at 49.
Considering the presumption that a trial on the merits is preferable and the "strong bias" in favor of deciding cases concerning child custody on the merits, and giving consideration to the mother's demonstration of a meritorious defense and the harshness of denying a trial on the merits when the custody of the children is at stake, in balancing the equities presented in this case we conclude that the trial court abused its discretion in denying the mother's amended motion to set aside the "entry of default" and the ensuing default judgment divorcing the parties. Accordingly, *879 the "entry of default" and the divorce judgment are reversed, and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.